DANIEL MCDONALD *against* JACOB FAULKNER.

ERROR *to* *Pulaski Circuit Court.*

To entitle a party to a credit under the plea of non-assumpsit, he must prove; *first,* a payment in money or its equivalent; *second,* that it was accepted; and, *third,* its application to the particular debt.

Payment can, in numerous instances, be given in evidence under the plea of non-assumpsit. The plaintiff can recover no more than he is justly entitled to, in equity and conscience; which is no more than what remains after deducting all just allowances which the defendant has a right to retain in his hands.

Where the defendant's account, including money payments and other charges, was presented to the plaintiff, who examined it, made some corrections, and then assented to its correctness, and agreed that it should be taken and considered as a credit and payment against and upon his own account, this is such a plea as can be given in evidence under the plea of non-assumpsit.

Very slight evidence of acquiescence will show assent to any particular mode of payment.

Courts have, uniformly, where justice and circumstances required it, indulged the parties in preparing bills of exceptions.

It is an indulgence often allowed to parties, and sometimes necessary, where great labor is required in the preparation of their cases. Nine days after overruling a motion for a new trial, is not so unreasonable as to create a doubt of the truth of the statements in the bill of exceptions.

The cases of *Gray vs. Nations* and *Lenox vs. Pike and wife,* do not conflict with this doctrine.

And when it appears that the exceptions were taken at the trial, and on overruling the motion for a new trial, and subsequently reduced to writing and signed and sealed by the court, they became a part of the record.

Where the record states that upon the overruling of the motion for a new trial, the defendant excepted, and placed his exceptions upon the record, and the bill of exceptions, signed nine days afterward, states that the exceptions were taken when the motion for a new trial was overruled: the fact that they were taken at that time cannot be controverted.

And where, in such case, the plaintiff had *his* bill of exceptions signed by the bystanders, objecting to the defendant's bill after such a lapse of time; and in it admits that the instructions and evidence on which the defendant's bill was based, were a part of the proceedings at the trial, he is estopped from denying such instructions and evidence to have been given and adduced on the trial.

This was an action of indebitatus assumpsit, brought by Faulkner against McDonald, and a bill of particulars was filed when the suit was commenced. At September term, 1839, McDonald pleaded non-assumpsit. The record shows this plea to have been filed, and issue joined on the 10th of September, and that on the same day the issue was tried by a jury, who found for Faulkner one hundred and

McDonald *against* Faulkner.

twenty-seven dollars damages, for which, with costs, judgment was entered the same day. This is all the record of that day.

On the 12th of September the record states that McDonald filed his motion for a new trial. The motion for a new trial is copied in the transcript, and is based on two grounds; "*first*, that the instruction of the court, excluding a part of the evidence of defendants, was erroneous;" *second*, that the verdict was contrary to law and evidence.

On the 16th of September the record states that the court on that day overruled the motion for a new trial, "and thereupon the said defendant, by his counsel, excepted to the opinion of the court, and asked and obtained leave to prepare said bill of exceptions, and also a statement of the testimony in this case."

On the 21st of September, the record states that on that day "the defendant filed his bill of exceptions, whereupon the plaintiff filed his bill of exceptions, certified by the bystanders."

The defendant's bill of exceptions appears in the transcript, signed and sealed by the Circuit Judge, and dated September 20th. It states that on that day the defendant moved for a new trial, and sets out the ground of the motion, as stated above; that the motion was overruled, "to which opinion of the court the defendant excepts, and pray his exceptions, with the following, which was all the evidence in the case, may be signed, sealed, and enrolled." Then follows the statement of the evidence, which is, that the plaintiff proved his account, amounting to $200: that the defendant then produced and proved an account against the plaintiff to be just and correct, it being in part for money, and in part for various other items: that the plaintiff had examined the defendant's account, and after making some corrections, had admitted it to be correct, and that it was agreed between plaintiff and defendant, that the defendant's account was to go as a payment and credit upon the account of the plaintiff: and the bill of exceptions then stated, that the court, on motion of the plaintiff, against the consent of the defendant, instructed the jury, that only so much of defendant's account as purported to be money payments should go in evidence as payments, and that the residue should be excluded.

The plaintiff's bill of exceptions stated that on the 20th of Septem-

ber the defendant tendered to the court a paper purporting to be a bill of exceptions to the opinion of the court overruling his motion for a new trial, " and also a statement of the evidence of this cause, and of the instruction of the court upon the trial thereof," whereas no minutes or memoranda in writing of such evidence or instruction had been taken at the trial, or at any time had been preserved, either by the court or the parties: that on the 21st of September the paper so offered was signed by the Judge, and ordered to be filed, to which signing and filing of said paper the plaintiff excepts.

To this bill of exceptions the Judge appended his statement, that he declined signing it, " not that it does not contain the facts of the case, but because it purports to be an exception to the opinion of the court in signing a bill of exceptions taken to a former decision of the court in signing a bill of exceptions in the progress of this cause." Thereupon the plaintiff 's bill of exceptions was signed and certified to be true by five bystanders.

TRAPNALL & COCKE, for plaintiff in error:

We admit that under our statute a mere set off cannot be given in evidence under the general issue unless notice be given at the time of filing the plea, of the demand intended to be insisted upon, and upon what account the same became due. It is equally true however, that payment, or whatever amounts to a payment, can be given in evidence under that issue, and although as a general rule payment must be made in money; yet whenever any thing else has been received as payment, it will be regarded by the court as such, and treated accordingly. A payment must be in money, or its equivalent, promissory notes may be a good payment if they are accepted as such. *Harlan vs. Wingate, administrator,* 2 *J. J. Marshal,* 138. The case of *Whittington vs. Roberts,* 4 *Monroe,* 173, is directly in point. There the complainant exhibited his bill to be relieved against a judgment at law founded on a note executed by him to Francis Jones, who assigned it to Whittington, alleging that after he had given the note, and after it was due to Jones, he sold Jones a negro slave, and it was agreed at the time of sale between him and Jones that the amount of the note should be discounted out of the price of the slave, but the note

not being present he did not take it up. Jones afterwards lost the note by gaming to Whittington, to whom he assigned it, Whittington brought suit upon it before the Justice of the Peace. Complainant proved the agreement to discount the note with Jones, and the Justice gave judgment for him from which Whittington appealed. In the Circuit Court judgment, by default, was given for Whittington. Counsel for Whittington contended that the demand was not a direct payment, but rather an award and satisfaction which ought to have been pleaded at law. Upon this position the court remarks that the " objection rests on the inquiry whether this discharge of the note by part of the price of a negro could have been given in evidence under a plea of payment at law. It is true a payment literally means a discharge of the obligation according to its letter. But courts have extended the issue more to the spirit, and have not confined it to the letter. Hence Starkie in his treatise on evidence, vol. 3, p. 1084, lays down the rule that the payment must be made in money or its equivalent. What shall be counted an equivalent may often be a question of some nicety. Bills of exchange, bank notes, or negotiable notes on individuals have been held good proof under the plea of payment. But there must be an agreement to accept them as such. If such articles, with an agreement to accept them as payment, may be given in evidence, certainly a sum of money already in the hands of the payee, and due from him to the payor, might by agreement be discounted as payment. It was certainly unnecessary for the parties to go through the idle ceremony of the payee handing the money to the obligor, and he handing it directly back to discharge their respective obligations. It was competent for them to discharge both by agreeing that the money should remain where it was and no more was necessary in this case." If then it was competent for Roberts, under the plea of payment, to give in evidence the agreement with Jones to discount the note, much more would it be competent for McDonald, in the case before the court, to give in evidence under the plea of non assumpsit, the agreement of Faulkner to accept as payment of his account McDonald's account against him. It is true if there had been no express agreement on the part of the plaintiff to accept the account of the defendant as payment of his own, the defendant could

McDonald *against* Faulkner.

not, under our statute, have insisted upon it as a set off, without giving the necessary notice at the time of filing his plea. It was not as a set off that the defendant brought forward his account, but as a payment made by him to the plaintiff, and by the plaintiff expressly accepted as such. In this case, as in the one above quoted, there was " a sum of money already in the hands of Faulkner, and due from him to McDonald, which it was competent for them, by agreement, to discount as payment." The evidence exclusively shows it was so discounted and accepted, and being so accepted, the same legal consequences and effects attach to it as if the payment had been actually made in money; and although the defendant could not have given it in evidence as a set off under the general issue without notice. Yet, as a payment actually made and accepted, it was clearly competent for him to do so. For there is no law or rule of practice which requires notice to be given in order to let in evidence of payment under the general issue. The court therefore manifestly erred in the instructions which they gave to the jury, and by that means withheld from the defendants a credit for a large sum which he had already paid, and which had been accepted as payment by the plaintiff. For these reasons the motion for a new trial ought to have been granted.

ASHLEY & WATKINS, *Contra:*

The case may now be considered in two aspects. One is that according to all reason and authority, (see *Starkie Ev. Tit. New Trial, Exceptions;* and the decision of this court in the case of *Gray vs. Nations,* and *Lenox vs. Pike, et al.,* and the authorities there cited on this point,) the court here will wholly disregard the paper purporting to be the bill of exceptions of the defendant below.

Another view is that even if the plaintiff in error had taken his exceptions at the trial legally and in apt time, his subsequent motion for a new trial was an application to the equitable and sound discretion of the court, and is a waiver of any alleged error in the instructions of the court at the trial.

And the true state of fact in this case is, in accordance with the presumption of law, that a pretended bill of exceptions or statement of 'the testimony not taken during the progress of the trial, or before the

McDonald *against* Faulkner.

jury have retired from the bar of the court, but drawn up some eleven days afterwards, without any notes or memoranda being taken at the trial.

But the pretended exceptions in this case were not taken at the trial, and if taken at all, were taken to the opinion of the court over-ruling his motion for a new trial, which is not properly a ground of exception.

DICKINSON, *Judge*, delivered the opinion of the court:

The only question presented on the part of the plaintiff in error, for our consideration, is as to the correctness of the instructions to the jury, and the decision of the court below, in refusing the new trial. To entitle a party to a credit under the plea of non-assumpsit, the defendant must prove, first, a payment in money, or its equivalent: second, that it was accepted: third, its application to the particular debt. 2 *Starkie*, 591; *Harlan vs. Wingate's Adm'r*, 2 *J. J. Marshall*, 138; 3 *Starkie*, 1081. We do not deem it necessary to comment upon the cases to which this plea can be applied; for that payment can in numerous instances be given in evidence under the plea of non assumpsit, there is no doubt; and this principle is fully sustained in the case of *Dale vs. Tollett, Burrows R.* 2221. Where the same plea had been put in, and Lord MANSFIELD in delivering the opinion of the court, said, " the plaintiff could recover no more than he was justly entitled to in equity and conscience, which could be no more than what remains after deducting all just allowances which the defendant has a right to retain in his hands."

Do the facts in this case, as spread upon the record, show that there was a payment of money or its equivalent? So far as regards the money payments, it appears that credit was given to the defendant, and what stronger evidence can be presented or offered, that the residue of the account was equivalent to money, and that it was considered and accepted of as such, than the acknowledgment of Faulkner himself, who, the witness testifies, examined the account, made some corrections therein, and then assented to its correctness, and agreed with the other party that it should be taken and considered as a credit and payment. That it was accepted as such by Faulkner there

60

can be no question or doubt. Cases in which bills of exchange, bank notes, and negotiable notes on individuals have been held as equivalent to money, where there was an agreement to accept them as such, are numerous.

In general very slight evidence of acquiescence will show assent to any particular mode of payment. From the whole state of the case as presented to us in the plaintiff's bill of exceptions, we are of opinion that the Circuit Court erred in their instructions to the jury, " that only so much of the accounts of the plaintiffs in error should be allowed as purported to be money payments, and that the rest should be excluded as inadmissible."

The defendant in error, after the trial and the plaintiff's exceptions had been allowed, also tendered his bill, which is signed by bystanders, in conformity with the statute, and made a part of the record, protesting against the signing of the defendant's exceptions, upon the ground that " no minutes or memoranda in writing of the evidence or instructions of the court had been taken at the trial, or had at any time been preserved."

The defendant in error contends that the plaintiff's exceptions ought to be disregarded, from the fact of eleven days intervening between the trial and the signing of the exceptions, no note or memoranda having been taken, and that the subsequent motion for a new trial is a waiver of any alleged error in the instructions of the court. It appears from the record that the case was tried on the 10th of Sept., 1839,—on the 12th the motion for a new trial was made—on the 16th the court refused the application— and on the 21st day of the same month the bill of exceptions was signed and allowed. The result of the investigation which we have made upon this objection, leads us to the conclusion that the courts have uniformly, where justice or circumstances required it, indulged the parties in preparing bills of exceptions. To deprive the courts of this discretion, or attempt to limit them in its exercise, where time is necessary or important to enable suitors or the courts to prepare a full and proper statement of facts, would often tend to subvert the purposes of justice, and deprive parties of the means of redress. It is not to be presumed that courts will so far forget the high and solemn obligation under which they are

acting, as to give credence to a state of facts of the truth and correctness of which there are any doubts.

It is an indulgence often allowed to parties, and sometimes necessary, where great labor is required in the preparation of their cases. In the present instance, we do not conceive that the lapse of time intervening between the several steps taken in the progress of this case, after the rendering of the verdict, so unreasonable as to create a doubt of the truth of the statements in the plaintiff's bill of exceptions.

The defendant also insists that the plaintiff's bill of exceptions ought to be excluded, and relies upon the cases of *Gray and Hinkston vs. Nations*, and *Lenox vs. Pike and wife, and Smith and wife*, in support of his argument. But neither of these cases, in our opinion, bears him out. In the first, this court rejected that part of the record which purported to contain two bills of exceptions, because there was no evidence that the exceptions were taken during the trial, and they were not filed in the Circuit Court until after an appeal had been allowed, and that court had lost its power and control over the cause. In this case, however, it does affirmatively appear, not only by the record on the part of the plaintiff in error, but also by the defendant's statements, that the plaintiff's exceptions were taken during the trial, and immediately upon the overruling of the defendant's motion for a new trial, and subsequently reduced to writing, and signed and sealed by the court, whereby it became a part of the record.

Nor is the defendant better sustained by the case of *Lenox vs. Pike and wife, and Smith and wife*, in which a paper purporting to be a statement of evidence, but not purporting on its face to be a bill of exceptions to any opinion of the court, had been included in the transscript of the record, signed it is true by the Judge, but neither sealed nor ordered to be placed on file or on record, nor was there any agreement of the parties that it should be placed on the record, nor did it appear whether such statement of evidence was a mere memorandum of the Judge's for his own use, or for the information of this court.

From the views entertained of this case, we are clearly of opinion, that the Circuit Court erred in the instructions given to the jury, and for this reason, the defendant's motion for a new trial ought to have been sustained.   Judgment reversed.

McDonald *against* Faulkner.

Whereupon, ASHLEY & WATKINS, for the defendant in error, filed the following petition for a rehearing:

The defendant in error in presenting his petition for a rehearing in this case is conscious that he labors 'under great embarrassment. To seek, by force of argument, to induce the highest judicial tribunal in the land to reverse their own solemn adjudication, is to assume that the court have erred—an implied censure, revolting to that subtle pride of opinion and official station which pervades the breasts of humbler men.

But if it be the lot of humanity to err, it is not the part of wise men to persist in error. In view of those embarrassments, the defendant respectfully and earnestly shows to the court here, the grounds upon which he asks for a rehearing.

Two preliminary questions are presented by the record in this case, which he deems entitled to the serious consideration of this court.

First: Whether, according to the ancient and the later and better received opinions and practice of pleading, payment or any special matter in bar or avoidance of the action ought not to be pleaded specially. On this subject the attention of the court is called to *Stephen on Pleading*, (3d Am. Ed., 1837, p. 158.) *Appendix*, note 44, p. 57, p. 60, et seq; and *Chitty's Plead.* 472. in *Appendix*.

Second: Can the account attempted to be established by McDonald, the defendant below, be construed to be a payment, according to the legal understanding of the term, or does it not show a mutual indebtedness or cross account, contemplated by our statute concerning set off, and as such required to be specially pleaded, or given in evidence under the general issue with notice? *Rev. Stat.*, *title*, *Set off*.

The defendant in error might also claim that the motion of the defendant in the court below for a new trial was a waiver of any alleged error in the instructions of the court, and was an application to the sound and equitable discretion of the court, the overruling of which is not a ground of error. But on these points the authorities are numerous and contradictory.

The ground on which the petitioner mainly relies for a rehearing,

McDonald *against* Faulkner.

is that the opinion of the court, however correct on its face, is founded on a mistaken view of the facts, as they appear upon the record, and it establishes a precedent contrary to all authority, and dangerous in practice.

The court, in their opinion, throughout distinctly assume it as true that the bill of exceptions was not signed and filed until eleven days after the trial—that he excepted at the trial and saved the point—whereas no such state of fact appears on the record.

This is, perhaps, the point upon which this whole case must turn. If the exceptions of McDonald were not properly taken, and in apt time, they do not form a part of the record, and are not entitled to that consideration which the court has given them.

The facts, as they appear upon the record, are these: On the 4th of May, 1839, Faulkner filed his declaration, also a bill of particulars of his account, and process was executed on the same day. On the 10th of September the defendant pleaded non-assumpsit, to which issue was joined, and the court rendered judgment for the plaintiff for $127, damages assessed by the jury. Two days afterwards the defendant filed his motion for a new trial. Four days afterwards, on the sixteenth of September, the court overruled the motion for a new trial, and thereupon, the defendant, by his counsel, excepted, and asked and obtained leave to prepare said bill of exceptions, and also a statement of the testimony in the case. On the 21st day of September, the defendant filed his bill of exceptions, purporting to be filed on that day, and purporting on their face to be an exception to the opinion of the court in overruling his motion for a new trial, and not to any thing which took place at the trial. That such a proceeding, in suffering that paper to be filed, under all the circumstances, was considered as an outrage, is evidenced by the bill of exception of Faulkner, which the court admitted to be true, but refused to sign, and was thereupon signed by bystanders who had witnessed the whole progress of the cause, and who knew that no memoranda or note in writing of any such instructions or testimony had been taken at the trial, or preserved either by the court or the parties.

In a petition for a rehearing it would not, perhaps, be proper to go into a minute examination of all the cases on this subject. Suffice

it to say that the universal doctrine is, that an exception to the opinion of the court, in admitting or rejecting testimony, must be taken and presented before the jury have retired from the bar of the court; and an exception to the instruction of the court must be taken and presented before the jury return into court with their verdict. In the English practice, when a bill of exceptions does not form a part of the judgment roll, but is afterwards tacked on to it, and much more length and more formality is used in reciting the proceedings, it is allowable to draw up the bill of exceptions in form, and present it to the Judge for his signature, after the trial, but it is indispensable that the matter of exception itself should be reduced to writing at the trial. And the petitioner invites the attention of the court to the following authorities. *Petersdorf Ab. Vol.* 9, *p.* 217, title *Exceptions, Bill of;* 2 *Leigh's Nisi Prius, Appendix p.* 1513, *forms, &c.; Stephen on Pleading*, 89; 1 *Saunders on Plead. and Ev. p.* 318; 1 *Starkie Evidence p.* 464; 2 *Tidd's practice,* (1 *Am. Ed.* 1807,) *p.* 788; 3 *Black. Com. Chap.* 24, *p.* 393; *Wright vs. Sharp, Salk. p.* 288; *Jones, et al., vs. the Insurance Co. of North America,* 4 *Dallas p.* 249; *Morris vs. Buckley, and others,* 8 *Serg. and Rawle, p.* 218; *Stewart, and another, vs. the Huntington Bank,* 11 *Serg. and Rawle, p.* 270; *Sykes vs. Ranson,* 6 *J. R.* 279; *Milberry vs. Collins,* 9 *J. R.* 445; *Law vs. Merril,* 6 *Wend.* 268; *Shepherd and Stows vs. White,* 3 *Cowen* 32; *Launce vs. Barker,* 10 *J. R.* 312; *Holloway vs. Holloway,* 1 *Monroe* 131; *Givens vs. Bradley,* 3 *Bibb.* 195; *Riggs vs. McIlvain,* 3 *Mars.* 360; *Davis vs. Burns, et al. Missouri Rep.* 264.

The only solitary case where a different practice was allowed, is the case of *Gordon vs. Ryan, J. J. Marshall, p.* 58, where the court indulged the party until the next term to prepare his bill of exceptions. I have not seen that case, but from the note of it given in *Pirtle's Dig., title Bill of Exceptions,* it seems that the indulgence was granted upon the express ground that the substance of the exceptions had been taken and reduced to writing at the trial.

To suffer a party to come in at any time after the trial and except or draw up a statement of the testimony, would be utterly subversive of the ends of all legal proceedings.

The petitioner does not mean to say that the opposing counsel

would prepare, or the Judge of the court below certify to an ex-parte and untrue bill of exceptions or statement of evidence, but the irresistible presumption of law is, that they may be and are untrue.

Let any one come into our Circuit Court, in the midst of a three weeks session, criminal, common law and chancery cases all progressing on the same day, and observe the course of proceedings in that court, and he will then be qualified to judge whether the ends of justice will ever be answered by allowing a party to take and prepare his exceptions and an ex-parte statement of testimony eleven days after the trial has elapsed, and when no exception was taken at the trial, nor any note in writing of any such instructions or testimony taken or preserved by any person whatever.

All of which is respectfully submitted.

LACY, J., delivered the opinon of the court on said petition:

The court has carefully examined the grounds taken in the argument for re-hearing, and do not deem them tenable. All the positions assumed in the argument have been fully answered, except one, which we will now proceed to dispose of. It is said that the opinion distinctly assumes the fact, that the bill of exceptions was taken at the trial, although it was not filed or signed until eleven days afterwards. The opinion certainly proceeds upon this assumption, and the record fully warrants the conclusion.

There were two bills taken in the case. The first bill was taken by the defendant, in which he excepted to the opinion of the court overruling his motion for a new trial upon the following grounds: First, that the instructions of the court, excluding part of the evidence of the defendant was erroneous: Second, that the verdict of the jury was contrary to law and evidence. This bill of exceptions sets out the testimony excluded upon the the trial, and the record expressly states "that upon the overruling of the motion for a new trial, the defendant thereupon excepted to the opinion of the court, and placed his opinion upon the record." The Judge has certified under his hand and seal, the evidence to this court, and has declared that the exceptions were taken at the time he overruled the motion for a new trial.

McDonald *against* Faulkner.

This fact can therefore be neither controverted nor denied, for it is a judicial record which cannot be disputed.

This bill of exceptions was filed on the 20th September, and although it was eleven days after the rendition of the verdict and judgment entered, still it has express reference to the time of the trial, so far as regards the introduction or rejection of the evidence. The fact that the evidence was given at, or on the trial, is fully demonstrated by the plaintiff's bill of exceptions, taken and signed by the bystanders on the 25th of September, in which he controverts the competency of the court to sign a bill of exceptions after the lapse of time spoken of. His bill of exceptions admits that the instructions and evidence upon which they were based were a part of the proceedings upon the trial. Having admitted this fact by his own bill of exceptions, and thereby makes that certain which might be regarded as somewhat doubtful before, he is estopped from saying that the ininstructions and evidence were not had and given upon the trial of the cause. Besides, the record being a judicial document, and alleging the fact to be so, the truth of it cannot afterwards be put in issue in any manner whatever. The motion for rehearing must therefore be overruled.