### John K. Pollard
### v.
### David Rutter.

*Practice—Preliminary Call—Dismissal—Bill of Exceptions—Amendment—Matters in pais.*

1. Matters *in pais* may be introduced into a bill of exceptions by way of amendment, after the term, and after the lapse of the time allowed for presenting and filing the bill, if the court was in possession of sufficient memoranda, or notes, to give definite information as to what the actual proceedings were; and unless the contrary affirmatively appears, it will be presumed that the judge who made the amendment was thus informed.

2. A court can have no better source of information than its own record.

[Opinion filed February 12, 1890.]

Pollard v. Rutter.

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. M. S. Bowen, for appellant.

Messrs. Flower, Smith & Musgrave, for appellee.

Garnett, J.   This suit was commenced by appellee against appellant before a justice of the peace, and judgment rendered for appellee.   The case was appealed to the Circuit Court by appellant, where it was pending February 1, 1889, but on that day the appeal was dismissed for want of prosecution, on the preliminary or first call of the calendar, in that court.   The dismissal was by virtue of a recorded rule of the court, which had been printed among its rules of practice, and was accessible to all the attorneys of the court.   This rule is not substantially different from the one which was held to be valid in Hinckley v. Dean, 104 Ill. 630, and of which the Supreme Court there said: " The rule operates fairly, equally and uniformly on all litigants."

In the case at bar the rule of court was not set out in the original bill of exceptions, but by order of the Circuit Court, made in November, 1889, and after lapse of the time allowed for filing a bill of exceptions, the bill was amended, and the rule appears by the amendment to have been in full force when the appeal was dismissed.   The power of the Circuit Court to make the amendment, at the time it was made, is denied.   Matters *in pais* may be introduced into a bill of exceptions by way of amendment, after the term, and after the lapse of the time allowed for presenting and filing the bill, if the court was in possession of sufficient memoranda, or notes, to give definite information as to what the actual proceedings were.   And unless the contrary affirmatively appears, it will be presumed that the judge who made the amendment was thus informed.   Gebbie v. Mooney, 22 Ill. App. 372.

There could be no better source of information than the court's own record.   The rule appearing to have been spread of record in the Circuit Court there is no danger in allowing

the amendment of the bill in that respect. It has none of that element of uncertainty which makes necessary the prohibition of such amendments merely from the memory of the judge.

The Circuit Court committed no error in following its own rule.

The judgment is affirmed.

*Judgment affirmed.*

