EDWARD WHIPPLE, Appellant *v.* WILLIAM PREECE, JOSEPH TOLLIVER, LESLIE ASHTON, LYCURGUS JOHNSON, A. N. JOHNSON AND SNELLEN JOHNSON, Respondents.

When Matter in Abstract not Considered—Matter Stricken from Bill of Exceptions—Appellant's Remedy under R. S. Sec. 3289 — Affirmative Defense — Instruction to Jury— Plaintiff's Rights.

*When matters in abstract not considered.*

This court cannot consider any matter printed in the abstract not found in the record, or bill of exceptions.

*Matter Stricken from Bill of Exceptions—Appellant's Remedy under R. S. Sec. 3289.*

If matter stricken from a bill of execptions by a trial judge is regarded as important or necessary by appellant, he has his remedy under R. S. Sec. 3289.

*Affirmative Defense—Instruction to Jury—Plaintiff's Rights.*

Where affirmative matter is set up in an answer, the court on its own motion should instruct the jury that, as to such matter the burden of proof is upon the defense; and the trial court failing to give such instruction on his own motion, the plaintiff is entitled to have a written request for such an instruction handed to the jury without any words of refusal upon it

(Decided February 23, 1899.)

Appeal from the 4th District Court, Uintah County, Hon. W. N. Dusenberry, *Judge.*

Action for conversion of property. From a judgment upon a verdict of "no cause of action" plaintiff appeals. *Reversed.*

*L. R. Rhodes, Esq.*, for appellant.   *S. McDowall*, of counsel.

The court in giving plaintiff's request marked "6th" in the manner he did, with his endorsement thereon in writing, to wit: "The foregoing requests are refused, W. N. Dusenberry, Judge," the said endorsement being an instruction that the request was refused, and should not be considered by them, and certainly was calculated to mislead the jury. Such endorsement was prejudicial to plaintiff and reversible error.

The court erred in numbering the instructions given other than as marked by counsel for defendants, to wit: "Defendants' Request Nos. 1 to 19," inclusive, and in attaching plaintiff's request, marked "6th", and "refused," as aforesaid, to the nineteen requests of defendants, and also erred in making oral comment and explanation, in the presence of the jury, as to the instructions.

"Instructions refused or modified, must be so marked." Sec. 3148 Rev. Stats., 1898.

"Instructions given shall be in consecutively numbered paragraphs and shall be read to the jury without comment or explanation." Sec. 3149 Rev. Stats., 1898. Sackett Inst. to Juries, p. 13.

*F. S. Luethi, Esq., S. R. Thurman, Esq.,* and *Messrs. Warner & Houtz* for respondent.

Appellant contends that there was an error committed in giving the plaintiff's sixth request, for the reason that there was written upon it, "The foregoing requests are refused.—W. N. Dusenbury, Judge," and that the error consists in this, that by the word being there, refused, signed by the judge, the jury would be led to believe that the request had been refused and that they would not consider it. The record in this case shows that the sixth request of plaintiff was read to the jury, and that it was presented to them under such circumstances, that it would

be impossible that they should consider it as not before them, by reason of the words written upon it. There was a long colloquy by appellant's counsel and counsel for the respondents, with respect to this very instruction in the presence of the jury, which shows plainly that the jury fully understood the request, and that they were to consider it, and not only that but the record shows, by an endorsement upon the sixth request of the plaintiff itself, that it was given, these words appearing on the margin: "Given—Dusenbury, Judge." Therefore no harm, such as plaintiff complains of could have resulted therefrom.

The objection as to numbering the instructions, or failing to number them, together with the objection to the words "refused" marked on the sixth request, it seems to us, are hypercritical, and do not touch upon anything that possesses merit in this cause, but rather savors of barren technicality. As we have attempted to show, they were, if not strictly in conformity with the law, without any prejudice to plaintiff, and on account of such, this cause ought not to be returned for a new trial.

BARTCH, C. J.

This is an action for the conversion of property, the same having been disposed of under execution, by the defendants. At the trial the jury returned a verdict of "no cause of action," and, upon judgment having been entered and a motion for a new trial overruled, the plaintiff appealed. Among the numerous errors assigned, is one relating to irregularity of proceedings and conduct of the court. The appellant complains that after the bill of exceptions had been settled, signed and filed with the clerk, the presiding judge made the following order: "On this day came on to be heard plaintiff's motion for a new trial herein, said plaintiff giving as grounds for said

motion the misconduct of the court and the jury at the trial of said cause heretofore had herein.   The court, after hearing the arguments of counsel, and being fully advised in the premises, denied said motion, to which ruling plaintiff, by his counsel, L. R. Rhodes, duly excepted.   It was thereupon ordered that pages from 45 to 48½ inclusive, be eliminated from the original bill of exceptions, whereupon said pages were duly cut from said bill of exceptions by the clerk.   It was thereupon ordered that said original bill of exceptions, as finally settled by the court, be used as part of the record on the appeal of said cause to the Supreme Court of this State;" and insists that the elimination of the portion of the bill of exceptions thus ordered to be made, prejudiced the rights of the appellant.   The part so eliminated has been printed in the abstract, and counsel for appellant has presented it for consideration by this court.   The question, therefore, is whether we can consider any matter, although printed in the abstract, which is not found in the record, or bill of exceptions, as finally settled and signed by the trial judge and filed in this court.   We think not.   It is true a party to a suit, who feels himself aggrieved by a ruling or order of the court, has a right to allege his exceptions thereto, and, when these are presented in proper form and within the prescribed time to the judge, then, at a time designated by him, of which the parties must have notice, it is his duty, if the exceptions are found to conform to the truth to settle the bill, and, in doing so, all redundant and useless matter should be stricken out.   When settled, it is the duty of the judge to sign, attach his certificate to the effect that the same has been allowed, and have the bill filed with the clerk.   R. S. Sec. 3286.

If, however, when presented, the exceptions are not conformable to the truth, the judge ought to withhold his

signature, until the exceptant consents to change them in accordance with the facts.    After a bill of exceptions has been so settled, signed and filed with the clerk, neither one nor both of the parties to the suit, can make alterations therein, without the consent of the judge.    Nor can the judge thereafter do so without notice to the parties. If, however, after signature and filing with the clerk, and before filing in the appellate court, it should be ascertained that the bill contains improper and erroneous matter, then the judge, upon notice to the parties to the suit, has undoubted authority to make the necessary correction in the bill, so as to make the exceptions conform to the facts of the case, and such corrections may be made *nunc pro tunc*, at a subsequent term.    3 Ency. of Pl. & Pr. 501–505; *The People* v. *Anthony*, 129 Ill. 218; *Beckwith* v. *Talbot*, 2 Colo. 604; *Shepard* v. *Hull*, 42 Me. 577; *Churchill* v. *Hill*, 59 Ark. 54; *Pollard* v. *Rutter*, 35 Ill. App. 370; *Harris* v. *Tomlinson*, 139 Ind. 426.

In the case at bar, on the hearing of the motion for a new trial, the court ordered certain matter to be eliminated from the bill of exceptions.    Both parties were present and were heard, or had an opportunity to be heard.    The court therefore, had jurisdiction and authority to make the order, and the pages of the bill, containing the matter in question, having, pursuant to the order, been cut out and entirely removed from the bill of exceptions, and not reinstated by proper proceedings, this court has no power to consider the same on appeal.    If the appellant was aggrieved because of the action of the trial judge, and regarded the matter stricken from the bill important and necessary to the determination of his rights in the appellate court, he ought to have instituted proceedings, as provided in the R. S. Sec. 3289, which reads: "If the judge in any case refuse to allow an exception in ac-

cordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same. The application may be made in the mode and manner and under such regulations as that court may prescribe; and the bill, when proven, must be certified by a justice thereof as correct and filed with the clerk of the court in which the action was tried, and when so filed, it has the same force and effect as if settled by the judge who tried the cause."

In this section upon the refusal of the judge to allow an exception in accordance with the facts, is provided, for the party aggrieved, a remedy by petition to the appellate court. The appellant, having failed to pursue the remedy, thus clearly pointed out by statute, and having filed a bill in this court which does not contain the matter in question is precluded from insisting upon a consideration of such matter by us, in passing upon the merits of the case, however reprehensible the action of the judge may have been, because a bill of exceptions made up by the judge, aided by counsel of the respective parties, under the solemn sanction of the signature of the judge, properly authenticated, becomes a record, which upon being filed with the clerk of this court, in the absence of proper proceedings to show the contrary, must be held to import absolute verity, and its recital cannot be impeached in the appellate court by matter printed in the abstract, which is not contained in the record itself, as filed in that court. 3 Enc. of Pl. & Pr. 513, 514. *Beavers* v. *The State*, 58 Ind. 530. *Byrne* v. *Clark*, 31 Ill. App. 651. *McDonald* v. *Faulkner*, 2 Ark. 472. *Longworth* v. *Higham*, 89 Ind. 352. *Murphy* v. *Martin*, 58 Wis. 276.

That the matter, printed in the abstract and claimed to be that stricken out of the bill of exceptions by the order of the court, would constitute a proper ground for excep-

tion, must be conceded. So, it must be conceded that if it were properly within the bill of exceptions, it would of itself be a sufficient ground for reversal. The affidavit which purports to have been filed by counsel for appellant, and which, it is claimed, was thus eliminated from the record, charges the presiding judge, *inter alia*, with having been so under the influence of intoxicating liquor, during the conduct of the trial, that he was not in a fit mental condition to preside, or to instruct the jury, or to consider properly instructions prepared for him; and with having, during the trial, been completely under the influence of counsel for the defense. In fact, the charges are of so grave a character that we refrain from quoting the affidavit, lest injustice might result by so doing, and fearing that some of them may have been made without due consideration by the affiant. Especially so, since some of them appear to be controverted by counsel for the respondents in their brief.

Were it not for the apparent candor in which, and sincerity and feeling with which, this matter has been argued by counsel on both sides in their briefs, we would be constrained to pass the affidavit in silence, owing to the depressing effect which a judicial discussion of such questions must have upon the populace, in their respect for and confidence in the judiciary of the state and country, and to the high respect and consideration which is due from us to the judges of inferior courts, and to the protection, from unjust assaults upon them, in this court, which is due from us. Under the circumstances, however, and in the absence of any denial of the truth of the charges, by the judge, or action by him in the premises, it becomes our solemn duty to express our unqualified disapproval of such conduct, on the part of a court, as is set forth in the affidavit. Due respect for the exalted position

tion, proper regard for the welfare of society, security to human rights and liberty, as well as every principle of justice demands this of us. If the charges are untrue, the attorney making them ought to be promptly disbarred; if they are true, which we do not assume to say, then the conduct portrayed has our disapproval and condemnation. Beyond this, we have no power in the premises. It is all important that the purity and integrity of the bench should be preserved—that the high character which the judiciary has always borne should be maintained, for it is that that gives stability to government and guarantees personal rights and liberty. In times when controversies have arisen, which have threatened the governmental structure itself, and at all times, the people, as a last resort, and of right, have been wont to turn in confidence to the courts for an intelligent, a fair and just solution of the difficulties. So, in individual controversies when the fortunes of men are at stake, the parties are wont to turn to the courts in confidence that there is equality before the bar of justice, and that the law will be administered with fairness and ability unclouded by improper conduct. No court is justified in doing or omitting to do anything which will impair that confidence. Just in proportion as the right thinking people of a country lose faith in the judiciary, will the government itself lose cast, weaken and fall into decay. Therefore, no judge who feels the solemnity of his oath, his duty to his government, and realizes his responsibility to litigants, can afford to sit in the trial of a cause when his mental faculties are in a weakened condition by reason of his own improper acts. We make these observations because of the exigency of the occasion, although in full sympathy and accord with the sentiment expressed by the able counsel for the respondents, in their brief, that "a judge is

entitled to the respect of members of the bar, to fair and candid treatment from them, and no attorney has the right, in or out of court, to cast suspicion upon, or treat a judge with disrespect or indignity," and we may add, that whenever an attorney steps outside the bounds of propriety and truth to cast reflections upon a court or judge, he does so in violation of his oath and is unworthy to be a member of the bar.

The appellant also contends that the court committed error in giving plaintiff's request marked number 6, and this point we think is well taken.

It appears that the court gave no charge of its own motion, but submitted all the requests of the defendant to the jury, and refused those of the plaintiff.   In giving the requests of the defendants, the court charged the jury that the burden of proof was upon the plaintiff, and upon being requested, by counsel for the plaintiff, to charge that, as to the affirmative matter set up in the answer, the burden was upon the defendants, the judge refused to do so, and handed plaintiff's request marked refused, to the clerk, although there was such matter set up in the answer. Thereupon counsel for defendant suggested that such refusal might be error.   Then, upon plaintiff's requests being handed back, the court tore from the files, the request number 6, erased the word "refused" from the margin, wrote the word "given" in place thereof, permitted the expression, "The foregoing requests are refused" over the signature of the judge, to remain thereon, and in that manner after reading it, handed it with the requests of the defendants, to the jury.          ·

Under the pleadings, the court ought to have instructed the jury of its own motion that, as to the affirmative matter set up in the answer, the burden of proof was upon the defense, and having failed to do this, the plaintiff was en-

titled to have his request given to the jury, without any words of refusal upon it.

Under the circumstances detailed in the record, we are not prepared to say that the jury were not misled, by the action of the court in the premises, and therefore a new trial must be granted.

The appellant further insists that defendants' request, number 2, was argumentative and ought not have been given to the jury. This point also appears to be well taken, but, as it is not probable that the same request will again be given by the court at the next trial of the cause, since attention has been called to its objectionable character, we do not deem a further discussion of it necessary. Nor do we deem it important to discuss any other question presented in the record.

The judgment is reversed and remanded, with directions to the court below to grant a new trial.

BASKIN, J. and McCARTY, District J. concur.