CITY OF SPRINGVILLE, APPELLANT, *v.* JOHN S. FULLMER, RESPONDENT.

MUNICIPAL CORPORATIONS.—CHARTER.—ACQUIRING WATER.—RIGHTS.—Under its charter, which granted to the city of Springville the right to provide the city with water, and lay pipes, etc., and which granted the further power to make and execute all ordinances deemed necessary to carry out the powers granted, the city government was authorized to acquire all necessary water rights by appropriation and use or other reasonable and lawful ways.

ID.—WATER RIGHTS.—ADVERSE POSSESSION.—Where it appears that, in 1876, Springville City took possession and control of the waters of a certain stream with the express consent of the original locators and owners thereof, and for many years, more than seven, continued to hold possession of and distribute the waters of such stream; *held*, that the city had acquired

the ownership of the water under the statute of limitations, and even the original owners could not object to such control of the waters, much less a subsequent appropriator.

APPEAL from a judgment made upon an order granting a non-suit and from an order refusing a new trial of the district court of the first district. The opinion states the facts.

*Messrs. King and Houtz* and *Mr. George Sutherland,* for the appellant.

*Messrs. Saxey and Whitecotton,* for the respondent.

ZANE, C. J.:

This is an appeal from an order of nonsuit, and also from an order overruling appellant's motion for a new trial. The action was for an injunction to restrain the respondent from diverting the waters of Sage creek and Fullmer springs. It appears from the evidence in the record that these waters were appropriated in 1862 to domestic and agricultural uses by six men, and that with their express consent Springville took control of them in 1876, and since then has distributed them by its water-master, according to rules and regulations made by authority of ordinances, to a portion of the people of the city, including the original appropriators, who have used them for domestic and agricultural purposes, and that the city has kept the ditches in which such waters were conducted in repair.

The ruling of the court below assigned as error was based upon the assumption that the plaintiff had no such right to control the use of the waters of the creek and springs as authorized it to institute and maintain this action.

Section 15 of the charter of Springville is as follows: "To provide the city with water, to dig wells, lay pump-

logs and pipes, and erect pumps in the streets, for the extinguishment of fires and convenience of the inhabitants." Section 1050, 1 Comp. Laws Utah 1888, and section 1045, Id., further provides as follows: "The city council shall have power and authority to make, ordain, establish, and execute all such ordinances, not repugnant to the constitution of the United States or the laws of this Territory, as they may deem necessary for the peace, benefit, good order, regulation, convenience and cleanliness of said city, for the protection of property therein from destruction by fire or otherwise, and for the health and happiness thereof." These sections gave the plaintiff authority to use all reasonable means to supply the people within its borders with water for all useful and beneficial purposes and to such end to acquire all necessary water rights, by appropriation and use, or other lawful ways, and to make and enforce reasonable rules and regulations to control the same. And, having the power, it was the duty of the plaintiff to use it, so far as the health, safety, convenience, and good of its inhabitants demanded. In addition to the powers expressly conferred by its charter, the law added such implied powers as might become necessary to give effect to them.

Having determined that the plaintiff possessed authority to acquire the right to the waters of the creek and springs, the further question arises, did it do so? Section 2780, 2 Comp. Laws Utah 1888, is as follows: "A right to the use of water for any useful purpose * * * is hereby recognized and acknowledged to have vested and accrued, as a primary right, to the extent of, and reasonable necessity for, such use thereof under any of the following circumstances: (1) Whenever any person or persons shall have taken, diverted, and used any of the unappropriated water of any natural stream, water-course,

lake, or spring, or other natural source of supply. (2) When any person or persons shall have had the open, peaceable, uninterrupted, and continuous use of water for a period of seven years." The term "person," when used in the act in which the above section is found, is declared in section 2786, Id., to include corporations. Section 2782, Id., provides that the right to the use of water "may be appurtenant to the land upon which such water is used, or it may be personal property, at the option of the rightful owner of such right." The authority of the plaintiff to control, distribute, and regulate the use of the waters of the creek and spring in question vested in the city when the water-master, with the express consent of the six appropriators and owners, took control of them, and distributed them to such original appropriators and others, and continued to regulate and control their use. Such appropriators and owners have not objected, and, after such consent and acquiescence as is shown by this record, their objections, if made, would not be heard. During such consent and acquiescence property must have been acquired and improved with respect to the right to use the waters in dispute as distributed by the city, and to deprive them of such use would be inequitable. *Irrigation Co.* v. *Moyle,* 4 Utah, 327, 9 Pac. Rep. 867.

The municipal government of Springville is a legal agency of the people, created for their benefit, and to act for them. Having acquired the right to control and distribute the waters in question, and such authority having been given to be exercised for the benefit of the people, and such exercise being beneficial, the same became obligatory upon the city, (*Levy* v. *Salt Lake City,* 5 Utah, 302, 16 Pac. Rep. 598); and it was not only the right, but the duty of the city to employ such remedies as the law or the rules of equity authorized to defend

and maintain such right to control the use of such waters by the people.

We hold that the court erred in granting the nonsuit and in overruling the plaintiff's motion for a new trial. The judgment of the court below is reversed, and that court is directed to grant plaintiff's motion for a new trial.

ANDERSON, J., and MINER, J., concurred.