ARTEMAS HOLMAN, RESPONDENT, *v.* PLEASANT GROVE CITY, APPELLANT.

[Compare *Springville* v. *Fullmer*, 7 Utah, 450.]

WATER RIGHTS.—MUNICIPAL CONTROL.—MERGER OF PRIORITIES.—Where in a municipality the appropriators of water residing therein have surrendered their water rights to the municipal-ity, which for many years thereafter has regulated the dis-tribution of the water and has made a *pro rata* deduction from the amount allowed each appropriator, whenever there was a deficiency, without regard to the date of his appropri-ation, the municipal authorities have no right at a later time to arbitrarily divide the inhabitants into two classes according to their appropriations, being before and after a certain date, and to impose upon the latter class all loss of water in case of a deficiency.

PLEADING.—VARIANCE.—IMMATERIAL.—When the allegation was that the waters of a certain stream were first used in the year 1851 by the father of the plaintiff and the proof showed that the use began in 1869, and was by the plaintiff and his father, the variance was not material.

WATER RIGHTS.—DECREE.—MEASUREMENT OF WATER.—The de-

cree allowed to plaintiff enough water to irrigate sixty acres of land, and *semble* that the decree should specify what amount this is, which, though it be sufficient to do so, can be sufficiently approximated.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The pleadings in this case were as follows:

The complaint alleged that plaintiff's father appropriated from American Fork river in 1851 enough water to irrigate fifty acres of land, and in 1869 appropriated water for ten acres additional. In 1874 plaintiff succeeded his father in the ownership of said lands and water; that from 1874 to 1883, plaintiff used said water without hindrance on said sixty acres of land, at which time he received his water from defendant's watermaster so as not to conflict with other persons having equal rights; that in 1888 and 1889 the watermaster of defendant deprived plaintiff of the use of said water and distributed it to other persons having no right to it.

The answer denied all the allegations of the complaint and alleged that plaintiff's father, prior to 1886, acquired water sufficient to irrigate fifty acres of land, which he used upon lands in the south and west of Pleasant Grove City, but used none of it on the lands now owned by plaintiff; that he disposed of said water rights to others than the plaintiff; that plaintiff has a right to surplus water from said river for irrigating fifty acres, but no other right therein; that in times of scarcity of water the defendant, through its watermaster, has restricted plaintiff and others; similarly situated, in the use of said water, until the rights of prior appropriators were satisfied. In 1888 and '89 the water was scarce and there was only sufficient to irrigate lands of the prior appropriators; that during said years the prior appropriators yielded some portion of their rights to holders of secondary rights, such as plaintiff and others.

The material parts of the findings and decree are as follows:

2. That in 1869 plaintiff and plaintiff's father for plaintiff's use appropriated sufficient water of American Fork river to irrigate sixty acres of land and conveyed the same to plaintiff's land through the Pleasant Grove ditch.

3. That plaintiff used said water every year without interference until 1888.

4. That until 1888 he had sufficient water and raised good crops on said sixty acres of land.

5. That in 1888 and 1889 defendant prevented plaintiff from using said water as before stated, claiming that he had no right to any except surplus water during seasons of high water.

\*    \*    \*    \*    \*    \*    \*    \*

7. That defendant is not the owner of the water nor of the ditch, but claims only to distribute the water.

8. That plaintiff's lands are about two and one-half miles from the platted portion of Pleasant Grove City, and not within the municipal control of Pleasant Grove City.

The same day the court filed its decree by which it adjudged plaintiff entitled to use sufficient water of American Fork river to irrigate sixty acres of land during all seasons. That in cases of scarcity of water, while defendant shall control the distribution of said water, defendant shall distribute to plaintiff water sufficient for his said sixty acres of land, subject to diminution only *pro rata* with other prior appropriators.

That defendant be enjoined from interfering or depriving plaintiff from the use of any of said water to which he is entitled by the decree aforesaid.

One of the grounds assigned upon the motion for new trial and one of the errors assigned upon appeal was, that the decree was indefinite and uncertain.

*Mr. George Sutherland* and *Messrs. King and Houtz,* for the appellant.

*Mr. J. W. N. Whitecotton,* for the respondent.

ZANE, C. J.:

The plaintiff alleged in his complaint that, in 1851, John G. Holman, the father of the plaintiff, appropriated from American Fork river sufficient water to irrigate fifty acres of land, and in 1869 enough more to irrigate ten acres; that in 1874 plaintiff acquired the land and the water right in question from his father; and that in 1888 and 1889 the defendant's watermaster denied him the use of it. The defendant, in its answer, denied the appropriation of the water by John G. Holman, and the acquisition of it by the plaintiff. At the conclusion of plaintiff's evidence the defendant moved the court to nonsuit the plaintiff on the ground of a variance between the allegations and proofs. The court overruled the motion, and the defendant excepted, and he now assigns that ruling as error.

As to when the water was first used to irrigate plaintiff's land, and whether at first by him or his father, or by both, the evidence is conflicting. The court found that in 1869 the plaintiff and his father, for the use of the former, first made the appropriation; and from the evidence this appears to be the most reasonable conclusion. The irrigation of plaintiff's land from the waters of the American Fork river was the substance of the allegation, and the date of the first appropriation, as alleged, was not descriptive of the plaintiff's right. An averment that a written instrument was made on a certain day does not make the date descriptive of the instrument, but an allegation that the instrument bears a certain date makes the date descriptive of the paper; and so as to an act raising a legal right, or that amounts to a legal wrong or imposes a

6

legal duty, or constitutes a tort or a crime, it is not necessary to prove the date alleged. Under such averments, proof of the act on another day does not constitute a variance. The substance of the plaintiff's allegation as to date was proven by evidence of the use of the water in 1869 to irrigate plaintiff's land. The right may not be as valuable as it would have been had it commenced as early as alleged in plaintiff's complaint, but nevertheless it is a right that the law recognizes, and furnishes a remedy to protect. The fact that the evidence shows that the water was first used on the land by plaintiff and his father for plaintiff's use, and not by the father alone, as alleged, is not a material difference. It does appear from the findings that the plaintiff, after the first appropriation for his use, used the water on his land until the institution of this suit, and without being limited as a second-class holder, except in the years 1888 and 1889. The use of the water upon the land from year to year constituted, in fact and in law, an appropriation of it by him; and though the water may have been used at first by the plaintiff and his father, the continued use of it by the former after 1874 gave him a legal right to maintain and defend it by the institution of this action. "No variance between the allegations in pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. * * * Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence." Comp. Laws Utah, 1888, §§ 3252, 3253. The disagreement pointed out by the defendant between the allegations and proof we do not regard as a material variance.

It appears from the record that the plaintiff's land is situated within the limits of Pleasant Grove City, and that the municipality, without objection on the part of the appropriators, assumed the right to control and distribute

the water in question, and that some of the proprietors had commenced the use of the water as early as 1851, and others from time to time through a period of more than twenty-five years, and that a *pro rata* distribution was made for many years after the city took control by its watermaster. The court, in the decree appealed from, allowed the plaintiff sufficient water to irrigate his sixty acres of land, subject to diminution *pro rata* with other appropriators. This decree the defendant assigns as error. The city declared that all appropriations made prior to 1865 should be first-class rights, and that all made afterwards should be second-class, and that the supply of the second-class should be restricted when there is not enough for all. According to the regulation, no distinction was to be made among those composing the first class or among those of the second class. The appropriation in 1864 is placed on an equality with the appropriation in 1851, and no distinction is made between the appropriator in 1865 and another making an appropriation ten or more years afterwards. When the right according to priority is abandoned, and the city takes control and assumes and exercises the authority of distribution, with the consent of the holder of the right, he must be held to subject himself to reasonable regulations to be adopted and enforced by the municipality. *Springville* v. *Fullmer,* 7 Utah, 450. Ordinances or by-laws of a city, regulating and providing for the distribution of water to its residents, should be reasonable. They should be equal. Pleasant Grove City had no right arbitrarily to throw all the appropriators before 1865 into one class, and all appropriating after 1865 into another class. Such discrimination was inequitable and unequal, and therefore void. To ascertain the precise day that water was first used on each lot of ground or tract of land within the limits of a city would be impracticable, and to give all the water in dry weather to the residents on the property first irrigated, and leave those upon property

irrigated later without any water, would be a great hardship to them. When the people of a city surrender their control of its water supply, and there is not enough to furnish all as much as they need, the municipality should make a *pro rata* reduction in proportion to the amount required by each. By acquiescing in the distribution of water to them by the city the appropriators must be regarded as subjecting their rights to such power to regulate the use of them as the municipality possesses. The decree allowed the plaintiff enough water to irrigate his sixty acres of land subject to a *pro rata* restriction when necessary. This decree is certain and definite in this case, because the appropriation being subject to a *pro rata* restriction, the amount necessary to irrigate the fifty acres cannot be accurately defined. But in a case where the amount of water is not subject to a *pro rata* restriction and to regulation by a municipality, the decree should specify the amount of water necessary by an approved mode of measurement. *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 181. It may be difficult to determine how much water is required to irrigate an acre of land, but we are of the opinion that it can be sufficiently approximated. The decree of the court below is affirmed.

ANDERSON, J., and MINER, J., concurred.