GEORGE F. CULMER, RESPONDENT, *v.* FRANCIS D. CLIFT ET AL., APPELLANTS.

MECHANIC'S LIENS—TIME FOR FILING—DESCRIPTION—ASSIGNMENT—
ACTION TO ENFORCE—VARIANCE—DAMAGES—OBJECTIONS
TO EVIDENCE.

1. Defendant Clift entered into a contract with Nink and others for the construction of a certain building. Plaintiff and others furnished materials for said building, and assignments of the claims arising under the mechanic's liens were made by the others to plaintiff, who brought this suit to foreclose them. Clift filed an answer, in which he set up payment of $19,082, to the contractor Nink, the full contract price except $2,727, which he held for the benefit of the contractor, sub-contractors and material men, as they might prove their right thereto. This answer was filed September, 1891; and on May 19, 1894, defendant Clift filed an amended supplemental answer, claiming that the contract had not been completed as agreed, and claimed damages in the sum of $5,370, but did not waive or change any part of the original answer. Judgment and sale of the property were ordered to satisfy the several mechanic's liens, which were assigned to plaintiff, aggregating $2,108.25.

2. Where the allegations of the complaint state that Culmer Bros., at the request of Clift and his architects C. & K., furnished materials, and the lien filed in proof states that the material furnished was in pursuance of a contract made by Culmer Bros. with B., C. & K., and N., who were the principal contractors employed by Clift, the variance is not such as to mislead the appellant, and therefore within sections 3252, 3253, Comp. Laws 1888, and section 14, p. 27, Sess. Laws 1890.

3. It was competent for the different parties having claims for material to assign (under section 28, c. 30, p. 31, Sess. Laws 1890) their claims to plaintiff, for the purposes of this suit.

4. The court properly deducted the amount ($1,100) found due the defendant Clift as damages, and also properly added interest

from the time of the date of the several liens; that being the time when the several sums should have been paid.

5. It is a uniform rule that general exceptions to the admission of evidence are unavailable to parties making them, either on motion for new trial or appeal. The particular grounds of the objections must be stated, so that the trial court may understand the nature of the objection before passing upon it.

6. It was not necessary to file liens before the completion of the contract, and the law was complied with if filed within 40 days after the materials were furnished and labor performed. *Morrison* v. *Cary-Lombard Co.*, 9 Utah 70; *Lumber Co.* v. *Partridge*, 10 Utah 322, construing the lien law of 1890.

7. The fact that the liens do not cover all the premises owned by Clift, upon which the buildings were erected, does not affect the validity of the liens filed.

(No. 625. Decided Nov. 9, 1896.)

Appeal from the Third district court, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action by George F. Culmer against Francis D. Clift and others to foreclose four mechanics' liens, on three of which judgment of foreclosure was rendered, viz.: one in favor of G. F. Culmer & Brothers, one in favor of E. C. Coffin Hardware Co., and one in favor of Fred W. Gray.

*Brown, Henderson & King,* for appellants.

*Sutherland & Murphy* and *Andrew Howat,* for respondent.

No briefs were filed.

MINER, J.:

In 1890, defendant Clift entered into a contract with defendant Nink to furnish material and labor to rebuild the Gladstone building, in Salt Lake City, under plans

prepared by Carrol & Kern, his architects, and under
their supervision. As the work progressed, changes were
made in the plans, and additional contracts entered into.
G. F. Culmer & Bros., the E. C. Coffin Hardware Com-
pany, Fred W. Gray, as material men and sub-contract-
ors, assigned their claims arising from mechanics' liens
to the plaintiff, who brought suit to foreclose the same.
F. D. Clift, the owner of the building, A. Nink, the prin-
cipal contractor, Carrol & Kern, and A. Braun, sub-con-
tractors, being all the parties in interest, were made
defendants, and all made default except Clift, the appel-
lant, who answered. All the parties were before the
court as witnesses. The defendant Clift took possession
of the building after its completion, in December, 1890.
This suit was commenced to foreclose the liens, May 5,
1891. In September, 1891, Clift filed an answer, alleging
that, before notice of any lien or claim, he had paid the
contractor Nink $19,082.27, the full contract price, except
$2,727, which sum he then held for the benefit of the con-
tractors, sub-contractors, and material men, as they may
prove their right thereto, which sum he was ready to pay
over, as may be adjudged by the court. On May 19, 1894,
defendant Clift filed his amended supplemental answer,
claiming that the contract had not been completed as
agreed, and that he had lost rents, and was damaged
thereby in the sum of $5,370, which he desired to be
offset as against the claims set up in the complaint, but
did not waive or change any part of the original answer.
The principal question in which the appellant was inter-
ested on the hearing in the court below was as to the
amount of damages he was entitled to withhold as
against Nink, the principal contractor. No personal
decree was rendered against the defendant Clift, but find-
ings were made, and judgment and sale of the property

were ordered to satisfy these several mechanics' liens, which were assigned to the plaintiff, aggregating $2,108.25, including interest. From this judgment, defendant Clift appealed to this court, in July, 1895.

The appellant's first contention is that there is a variance between the complaint and the proof as to the claim of Culmer Bros. The allegation in the complaint is that Culmer Bros., at the request of Clift and his architects, Carrol & Kern, furnished material, etc. The lien filed and in proof states that the material furnished and labor performed were in pursuance of a contract made by Culmer Bros. with Braun, Carrol & Kern, and A. Nink, who were the principal contractors employed by defendant Clift to construct the building. Certain proof was offered which tended to connect the defendant with the several contracts upon which liens were filed.

Section 3252, Comp. Laws Utah 1888, provides that "no variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." Section 3253, Id., provides that, "where the variance is not material as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." Section 14, p. 27, Laws 1890, provides that "any informality in any such statement that shall not tend to mislead, shall not affect the validity thereof. No incorrect estimate in any such statement of the amount due or to become due, or of any probable value, shall affect the validity of any such statement, unless such incorrect estimate be made in bad faith. * * * "

The court found the facts according to the evidence,

14 UTAH—19

and it does not appear that the defendant was misled by the variance to his prejudice. He admitted in his answer that the sum of $2,727 was still in his hands, belonging to the contractors, sub-contractors, and material men, which he was willing to pay as directed by the court. There was a variance, however, between the allegations in the complaint and the proof, but not in its general scope and meaning, as shown by the pleading and proofs. Under the circumstances shown in this case, we do not consider the variance pointed out by the appellant between the allegations and proof so material and important that it misled the defendant to his prejudice in maintaining his defense upon the merits. *Holman* v. *Pleasant Grove City*, 8 Utah 78.

It is also contended that the several assignments of mechanics' liens were made to the plaintiff for the purpose of bringing suit, and that such assignments were improperly admitted in evidence. Section 28, c. 30, p. 31, Sess. Laws 1890, expressly authorizes such assignments, and provides that the purpose of enforcement of any mechanics' liens by action under this act shall be a sufficient consideration as to all other parties for the purpose of such action. Such assignments have been held good, under section 3169, Comp. Laws 1888. *Wines* v. *Railway Co.*, 9 Utah 228; Pom. Rem. & Rem. Rights (2d Ed.) § 132; *O' Connor* v. *Irvine*, 74 Cal. 435.

The court found, upon conflicting evidence, that the damages set up by Clift in his amended answer did not amount to exceed the sum of $1,100, and allowed that sum as damages to Mr. Clift, and fixed the amount of the several liens at $1,653.45, with interest thereon from the date of the several liens. The testimony upon this subject was conflicting. The sum found as damages is supported

by the testimony, and we see no good reason for disturbing the findings. The judgment simply covered the amount of the liens, and falls within the sum still remaining in the hands of the defendant Clift, after deducting the $1,100 damages allowed him. The interest was properly added from the time of the date of the several liens, that being the time when the several sums should have been paid.

We think the description of the property set up in Culmer Bros.' and Gray's intention to hold a lien, taken in connection with the testimony upon that subject, is sufficient, and could not have misled or prejudiced the defendant.

The verification of Mr. Gray's lien by P. L. Williams, in behalf of and as attorney for Mr. Gray, was sufficient. Section 10, p. 26, Sess. Laws 1890, provides that the abstract of indebtedness shall be verified by the claimant, or by some other person in his behalf.

The record shows that P. L. Williams was called, and testified that he received a letter or telegram from Mr. Gray, authorizing him to assign the Gray lien to plaintiff, and he assigned the same accordingly; such instructions were received in answer to a letter written by witness to Gray, in which witness was authorized to make the assignment suggested in his letter; that he had searched for the instructions in his office, where such matters were kept, but the same could not be found. Thereupon the following question was asked witness, and objection made thereto: " Q. To whom was the assignment to be made, as suggested in your letter? (Question objected to. Objection overruled, and exception taken.) A. To G. F. Culmer." This ruling of the court is assigned as error. The objection did not point out the ground upon which

it was made, and therefore does not merit consideration. The point of the objection should have been particularly stated, in order to entitle it to consideration. This is the uniform rule. General objections to the admission of evidence are unavailable to the party making them, either on motion for new trial or appeal. The particular grounds of the objection must be stated, so that the trial court may understand the nature of the objection before passing upon it. *Kiler* v. *Kimball*, 10 Cal. 268; *Frier* v. *Jackson*, 8 Johns. 496; *Camden* v. *Doremus*, 3 How. 515; 1 Greenl. Ev. § 421; *State* v. *Moore*, (Mo. Sup.) 22 S. W. 1086; *Railway Co.* v. *Henson*, 7 C. C. A. 349; *Crocker* v. *Carpenter*, (Cal.) 33 Pac. 271; *U. S.* v. *McMasters*, 4 Wall. 680; *Curry* v. *Bratney*, 29 Ind. 195.

The appellant contends that none of the liens were filed until after the completion of the contract, and therefore they did not attach. This contention is answered by sections 10, 11, c. 30, Sess. Laws 1890, and by the construction of the lien law by this court in the cases of *Morrison* v. *Carey-Lombard Co.*, 9 Utah 70; and *Lumber Co.* v. *Partridge*, 10 Utah 322, to which reference may be had. The liens were filed within 40 days after the materials were furnished and labor performed.

The fact that the liens do not cover all the premises owned by Mr. Clift, upon which the building was erected, does not affect the validity of the liens filed. Mr. Clift cannot be injured by a lien that does not cover as much of his property as it might have covered. The land and building described in the decree upon which the lien is created is the same land upon which materials were furnished and labor performed by the several lien-holders.

Other matters are discussed by counsel, but we do not consider them of sufficient importance for further consid-

eration. We find no reversible error in the record. The judgment and decree of the court below are affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.