JOHN FISHER, ET AL., RESPONDENTS, *v.* BOUNTIFUL CITY, CHARLES R. JONES, RECORDER, AND JOSEPH L. HOLBROOK, APPELLANTS.

WATER RIGHTS — VESTED INTERESTS — RIGHT OF SUBSEQUENT MUNICIPALITY, CREATED UNDER SEC. 16, CHAP. 4, 1 C. L. U., 1888, TO CONTROL — ACQUIESCENCE OF PRIOR OWNER ESSENTIAL — SEC. 311, R. S. 1898 — NOT APPLICABLE. — TAKING PRIVATE PROPERTY FOR PUBLIC USE. — WATER RIGHTS PASSED BY DEED.

The right of a municipality to the exclusive control and regulation of water within its limits, under the provisions of Sec. 16, Chap. 4, 1 C. L. U., 1888, to which water others have

acquired a paramount right and ownership, prior to the incorporation of the municipality, is based upon the acquiescence of such owners ; and where such owners have consistently and continuously resisted the attempt of the municipality to control and regulate such water, the municipality can acquire no rights therein as against such owners, and Sec. 311, R. S. 1898, does not apply.

1. *How Owner May Lose Water Right.*

Where water has been appropriated and used for thirty years the dominion and right to the use and diversion thereof, for beneficial purposes, is vested in the appropriator, who can not be deprived of such right by a municipal corporation, except by the voluntary act of the appropriator, by forfeiture, or by operation of law.

2. *Private Property for Public Use.*

Private property can not be taken or damaged for public use without just compensation, nor can a citizen be deprived of his property without due process of law under Secs. 7 and 22, Art. 1, Const.

3. *Water Passes by Deed.*

Under Sec. 1381, Rev. Stat. 1898, water rights appurtenant to land pass by deed with the land, unless reserved, or the same may be treated as personal property and be separately conveyed.

(Decided November 29, 1899.)

Appeal from the Second District Court, Davis County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to have his title to certain water quieted and confirmed, and to have the action of the defendant corporation in levying a tax upon plaintiff's land to pay the expense of distributing the water, and the sale of plaintiff's property for non-payment declared wrongful and illegal. From a judgment for plaintiff, defendant appealed.

*E. A. Wilson, Esq.*, *D. O. Wiley, Jr.*, and *Rawlins, Thurman, Hurd* and *Wedgwood,* for appellants.

Cited Secs. 96, 97, 98, and 141, Dillon on Mun. Corp., Vol. 1.

*O. W. Powers, Esq., D. N. Straup, Esq.,* and *Jos. Lipman, Esq.,* for respondents.

Plaintiff's right to the use of the water in question is a hereditament appurtenant to land. *Irr. Co.* v. *Ogden City,* 8 Utah, 496.

. The owner of a ditch has the exclusive and absolute power of control and right of enjoyment of the water diverted by and flowing in his ditch. *Kidd* v. *Laird,* 15 Cal., 162.

A statute creating a Board of Commissioners and the office of overseer in each township of the several counties of the State to regulate water courses within their respective limits, and the acts amendatory thereof, does not authorize those officers to enter upon private water courses and to disturb the owners thereof in their use and enjoyment. *Charnock* v. *Rose,* 70 Cal., 189.

Property in water can only be acquired by grant or prescription as against a riparian proprietor. *Crandall* v. *Wood,* 8 Cal., 141.

. All the decisions of this State on the question pertaining to a municipality regulating and controlling the water within or leading into its limits, are founded upon and based upon the consent, or acquiescence, of the owners. *Springville* v. *Fullner,* 7 Utah, 453; *Holman* v. *Pleasant Grove,* 8 Utah, 78.

Plaintiffs had an accrued and vested right to the water, recognized and acknowledged. Sec. 2780, C. L. 1888, Vol. 2.

And the same shall be maintained and protected. C. L. 1888, Vol. 1, 216.

And a penalty is provided for infringing upon such rights.   Secs. 2423, 2969, 4653, C. L. 1888, Vol. 2.

STATEMENT OF FACTS.

It appears from the complaint, and the court in substance found that the plaintiffs were the owners in their own right of about 65 acres of land, which was cultivated and used as a homestead, located in the farming district outside of the business part, but within the corporate limits, of Bountiful City. Bountiful City is laid out in streets and blocks, contains about 1,300 population, and was incorporated in 1893.

For more than thirty years prior to the commencement of this action, plaintiffs, and their grantors and predecessors in interest, had appropriated, used, and owned, and had the right to use sufficient water from Barton Creek to irrigate said land, and during all times hitherto were the owners of said water, used it and had the right to use it on said land, and had the open, peaceable, and uninterrupted possession thereof for irrigating said land, and for culinary purposes. Barton Creek is a natural stream flowing through a portion of the city and near plaintiffs' land.

Prior to the incorporation of the city in 1893, plaintiffs and other owners of said water associated together in the name of the Barton Creek Irrigation Company, and annually elected their officers and water master, enacted by-laws, levied taxes or assessments provided by statute for the expenses of the water master and other expenses pertaining to the use of said creek and water rights appurtenant thereto. In the fall of 1892, public meetings were held by the citizens of Bountiful to discuss the propriety of incorporating the city, and a right to control waters, at which meetings plaintiffs were present, and disputed the right of the city to control the waters of the

creek. Thereafter, on the first day of January, 1893, Bountiful City was incorporated, and at once assumed the right to control, regulate, and distribute the waters of said creek, and appointed a water master therefor, and levied an annual farm assessment. against each farm using the water, including that of the plaintiffs, to pay the expenses of the water master for the distribution of said water by the city, but without the consent and against the protest of the plaintiffs. In each of the years 1894, 1895, 1896, and 1897, said city wrongfully, and without right, assessed and levied a tax of 16 cents per acre on each acre of plaintiffs' property aforesaid, to pay the expenses of regulating, controlling, distributing, and supplying water to said owners from said Barton Creek, within the corporate limits of the city. That plaintiff, John Fisher, refused to pay said tax, his property was advertised and sold in one parcel to pay said tax and assumed debt of plaintiffs, to the defendant Holbrook, and a deed thereof was ordered to be issued to the purchaser by said defendant Jones, the recorder.

The court found the action of the city in taking, controlling, regulating, and distributing the water of the plaintiffs was wrongful and unlawful; that the levying of the tax upon plaintiffs' property to pay the expenses of such regulating, controlling, and distributing of the water, and the sale of the property, was wrongful and illegal, and that the title of said plaintiffs to said premises should be quieted.

A decree as prayed for was granted. The defendants appeal from the judgment, and allege that the findings and decree are not supported by the evidence.

After stating the facts, *Miner, J.,* delivered the opinion of the court.

The principal question to be determined is whether

21 Utah—3

Bountiful City had the dominion and right under the law, to control, regulate, and distribute plaintiffs' water in Barton Creek, which naturally flows through a part of the city, for irrigating and other purposes, and the right to tax the land of the owner to pay the expenses of such regulation, controling, and distribution.

It was conceded upon the trial that the proceedings relating to the tax levy and sale thereunder, were illegal, and that if plaintiffs owned the land their title should be quieted therein.

Appellants claim that Bountiful City was incorporated under Chap. 4, p. 619, 1 Comp. Laws Utah, 1888. Sec. 15 of the act provides for the construction of water works without the limits of the city, and gives certain jurisdiction over the same. Sec. 16 reads, as follows:

"To control the water and water courses leading to the city and to regulate and control the water courses and mill privileges within the city; *provided*, That the control shall not be exercised to the injury of any rights already acquired by actual owners; and to levy and collect taxes upon all taxable real and personal property, not to exceed one per cent per annum for the purpose of furnishing the city or the inhabitants thereof with water for irrigation and other purposes, and to regulate and control the same for the use and benefit of the inhabitants thereof, and may assess, collect, and enforce the payment of the taxes in any manner provided for by ordinance."

Under Sec. 1281, Rev. Stat. 1898, water rights appurtenant to land pass by deed with the land, unless expressly reserved, or may be treated as personal property and separately conveyed. So far as appears here the water was a heriditament appurtenant to the land owned by the plaintiffs. *Bear River* v. *Ogden City*, 8 Utah, 494; *Snyder* v. *Murdock*, 59 Pac., 20 Utah, 419; *Kidd* v. *Laird*, 15 Cal., 162.

Sufficient of the water of Barton Creek to irrigate plaintiffs' land had been appropriated by them and their predecessors and grantors for 30 years prior to the commencement of this action, and had been uninterruptedly and continuously used by them since such appropriation to irrigate said land, and cultivate and raise crops thereon, and for culinary purposes. The dominion and right to the use of the water and the control and diversion of the same for irrigation, culinary, and other beneficial purposes, was vested in the plaintiffs by their appropriation and use, and they could not be deprived of such right except by their voluntary act, by forfeiture, or by operation of law.

We find no evidence in the record to justify us in holding that plaintiffs had parted with or forfeited such right in the water, and in fact, their ownership and right to the land and water is unquestioned.

But appellants claim that Bountiful City has the dominion over and right to control, regulate, and distribute such water within its discretion to the plaintiffs and others, under the provisions of Ch. 4, above cited, and assert that the proper amount thereof has been and will continue to be allowed to the plaintiffs under the provisions of the city ordinance, by a water master chosen by the city government; that the act in question contemplates that municipal corporations shall have the legal authority by virtue of their incorporations under the statute to control, regulate, and distribute all waters flowing through such municipality.

A careful reading of Section 16, in connection with Sections 15 and 17, does not, in our opinion, justify such contention.

Under Sec. 16 the city has the control of water and water courses leading to the city, and may regulate and control the same within the city, *provided*, such con-

trol shall not be exercised to the injury of any right already acquired by the actual owners. This provision was clearly intended to protect the owner in his right to water already acquired. The right referred to carried with it such authority and dominion as the owner then and formerly had to the full control, supervision, and use of the water belonging to him, without the exercise of the dominion, supervision, management, control, or the right to the distribution thereof by the city, or any other authority, except it emanated from the owner. It was a plain declaration that the right to private property, and private ownership of water, should not be taken away from a citizen without just compensation, and that such right should be respected and protected in the owner. The right to own property carries with it the right to exercise dominion and control over it. When the dominion, control, and management of one's property is taken away from him, the right to private property is violated. To take away the dominion and control over property is to take the property itself, for the absolute right to property includes the right of dominion, control, and the management thereof.

Had the city taken possession and control of the water of this creek with the express consent of the original owners and appropriators, and for more than seven years continued such control, possession and distribution thereof to plaintiffs and others, or had it maintained adverse possession thereof for seven years, it would have acquired a right thereto as against the owners, under the decisions in *Springville* v. *Fullmer*, 7 Utah, 450; *Holman* v. *Pleasant Grove*, 8 Utah, 78; and *Smith* v. *North Canyon Water Co.*, 16 Utah, 195, but this was not done.

The right of a municipality to the exclusive control and regulation of water within its limits, to which others have a paramount right and ownership, is based upon the con-

sent and acquiescence of the owner thereof. The power given by statute does not extend to the management, control, and distribution of plaintiffs' water, any more than it would extend to the management and control of their private property.

If Sec. 16 could bear the construction sought to be placed upon it by the appellants, it would be in violation of Sec. 7, Art. 1 of the constitution of this State, which provides that no person shall be deprived of life, liberty, or property without due process of law; and of Sec. 22, Art. 1, which provides that property shall not be taken or damaged for public use without just compensation. The Legislature would have no right to appropriate or authorize the appropriation of the property of any person by mere legislative enactment. This the Legislature could not do without violating the above provisions contained in our constitution. *Charnock* v. *Rose*, 70 Cal., 189.

We are of the opinion that neither under the statute nor by act of the parties did Bountiful City acquire any dominion over or right to control, regulate, or distribute the water in question as against the primary right of the plaintiffs to the control and use of the water for agricultural, culinary, and other useful purposes, as stated in the findings and judgment.

The right contended for by the appellants was never vested in the city government, and therefore Section 311, Rev. Stat. 1898, does not apply.

We find no reversible error in the record. The judgment and decree of the district court is affirmed, with costs.

BARTCH, C. J., and BASKIN, J., concur.