[No. 2255]

## D. C. WHEELER, INCORPORATED (A CORPORATION), RESPONDENT, v. O'BRIEN BROTHERS, APPELLANTS.

[165 Pac. 339]

1. ANIMALS—UNLAWFUL GRAZING—SPECIAL DAMAGES—PLEADING.

Under allegations that defendants during month of March grazed sheep upon plaintiff's property, thereby injuring it for grazing purposes, damages may be based upon the land's value for grazing purposes during the lambing season, without such damages being specially pleaded, where the land was most useful for this purpose.

2. ANIMALS—UNLAWFUL GRAZING—EVIDENCE.

In damage action for unlawfully grazing sheep, defendants' testimony that plaintiff's sheep also grazed upon defendants' property to their damage *held* not to require a finding of damage for defendants.

3. APPEAL AND ERROR—RESERVING GROUNDS FOR REVIEW—EVIDENCE—SUFFICIENCY OF OBJECTION.

Rulings upon evidence cannot be reviewed when challenged only by general objections.

APPEAL from Second Judicial District Court, Washoe County; *Mark R. Averill*, Judge.

Action by D. C. Wheeler, Incorporated, against O'Brien Brothers. Judgment for plaintiff, and defendants appeal. **Affirmed** (COLEMAN, J., dissenting in part).

*George Springmeyer*, for Appellants:

The trial court erred in allowing special damages that had not been specifically pleaded. It is a fundamental and generally accepted rule of evidence that proof of special damages cannot be introduced unless such special damages have been specially pleaded. "If the damages sought to be recovered are those known as special damages, that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary in order to prevent surprise to the defendant that the declaration state specifically and in detail the damages sought to be recovered." (13 Cyc. 176; Sedgwick on Damages, 9th ed. secs. 1261-1265; *Risse* v. *Collins*, 87 Pac. 1006; *Herrin* v.

*Sieben,* 127 Pac. 328; *Pyramid L. & S. Co.* v. *Pierce,* 30 Nev. 237, 95 Pac. 210; *Jensen* v. *Pradere,* 39 Nev. 466.)

Appellants are entitled to recover on their counterclaim. They offered evidence as to the ownership of the land and trespass upon it by respondent's sheep, as alleged in the counterclaim. No contrary evidence was offered. While the law is clear, and has been established by many cases, that an appellate court will not interfere with the findings of a trial court where the evidence is conflicting, the law is equally clear that where there is no conflict in the evidence, the higher court will compel the inferior tribunal to follow the evidence. (*Merritt* v. *Merritt,* 40 Nev. 385.)

Even if evidence is admitted because no objection to it is made, or because improper objections are made, the court is not on that account permitted to render a judgment except in accordance with the rules of law. A general objection will not always suffice; but a general objection is always sufficient where the question is clearly improper, because then the court need not have the specific defect pointed out. "But a general objection is sufficient where the ground therefor is so manifest that the trial court could not fail to understand it, as where the evidence is clearly irrelevant or incompetent, or inadmissible for any purpose, or the objection is of such a nature that it could not have been obviated." (38 Cyc. 1365; Wigmore on Evidence, sec. 18.)

*Leroy F. Pike,* for Respondent:

General objections to evidence are not sufficient, "The objectionable part of evidence must be specifically pointed out, a general objection to its admission being insufficient unless it is all incompetent. An objection to evidence must be so definite as to enable the court to intelligently rule upon it and to show the opposite party the point of objection, and must be specific enough to show the trial court its harmful bearing from the standpoint of the objector." (38 Cyc. 1375, 1378; *Robinson* v. *Imperial S. M. Co.,* 5 Nev. 44; *Sharon* v. *Minnock,* 6 Nev. 377;

*State* v. *Jones,* 7 Nev. 408; *Leet* v. *Wilson,* 24 Cal. 399; *State* v. *Smith,* 33 Nev. 438.)

The preponderance of evidence supports the findings and judgment of the court. The judgment of the trial court will not be disturbed by the appellate court on the granting or refusal of a motion for a new trial on the ground that the evidence does not support the findings when it is shown that the trial court used sound discretion, even though there is conflicting evidence. (*Edwards* v. *Carson W. Co.,* 21 Nev. 469; *Lawrence* v. *Burnham,* 4 Nev. 361.)

An objection on the ground of failure to plead special damages is waived if not made when the evidence is offered. (*Lashus* v. *Chamberlain,* 24 Pac. 188; *Cosgriff* v. *Miller,* 68 Pac. 206; *Enlow* v. *Hawkins,* 81 Pac. 188; Ency. Pl. & Pr., vol. 5, p. 371; *Gilbert* v. *Kennedy,* 22 Mich. 109; Sedgwick on Damages, vol. 3, p. 1909.)

By the Court, MCCARRAN, C. J.:

This was an action for damages alleged to have been caused by the herding and grazing of 1,400 head of sheep upon a tract of land consisting of approximately 320 acres. The damage is alleged to have accrued inasmuch as "the land was thereby rendered almost valueless for grazing purposes for the year 1916 for any live stock."

The trial court found:

"That on the 29th and 30th days of March, 1916, the defendants caused the said 1,400 head of sheep to be unlawfully herded and grazed upon the lands of the plaintiff."

As a result of this unlawful herding and grazing, the court found that the plaintiff was actually damaged in the sum of $200. The court in arriving at this sum did so by a process of reasoning which need scarcely be referred to, inasmuch as in our judgment the conclusion reached by which the court fixed the damages was correct, and the damages assessed were, as we view it, not excessive. On motion for a new trial, the court made

an order that, if plaintiff would consent that the damages be reduced to $150, a new trial would be denied. To this the plaintiff consented. Appeal is from the judgment and from the order denying a new trial.

The record discloses that the tract in question, upon which the unlawful grazing is alleged to have taken place, was a wild unreclaimed tract, used particularly by respondent, plaintiff in the court below, during the lambing season; and the record discloses that it was especially valuable for this purpose by reason of its character and location.

Appellants here complain that the court assessed special damages, inasmuch as it found that:

"This land was more valuable, as shown by the evidence, for lambing than for grazing alone. It was worth possibly $50 for grazing only. The evidence was conclusive that the loss per sheep for lambing purposes was $1."

**1.** It is the contention of appellants that inasmuch as the *ad damnum* allegation in the complaint makes no claim for special damages by reason of the loss of grasses, herbage, or browse growing on the lands, during the lambing season, or that no special damages were alleged to the plaintiff for being deprived of the use of the lands for lambing purposes, the court was unwarranted in making its finding and conclusion as it did. In this connection appellants rely upon the rule that proof of special damages cannot be introduced unless such damages have been specially pleaded; and in this connection they assert that the trial court erroneously permitted evidence as to the special damages to plaintiff for being deprived of the use of the lands for lambing purposes, and that following this evidence the court arrived at an erroneous conclusion.

The record discloses evidence going to establish that this tract of land had been generally used by respondent for the purpose of lambing a given number of sheep, and that the tract was especially adapted to this use.

We are referred to the rule, which we believe to be one

well recognized by authority, that if the damages sought to be recovered are those known as "special damages," that is, those of an unusual and extraordinary nature and not the common consequence of the wrong complained of or implied by law, it is necessary, in order to prevent surprise to the defendant, that the declaration state specifically and in detail the damages sought to be recovered.

The rule is not applicable to this case. The damage was alleged to have been wrought during the month of March, 1916, by the wilful, malicious, wrongful, and unlawful herding and grazing of sheep upon the lands of plaintiff, thereby destroying, eating, and tramping out the grasses, herbage, and browse.

The general use to which the tract of land was put during that particular season of the year was established as being for lambing purposes. The tract of land in question might have been absolutely useless either to appellants or respondent, in so far as grazing would be concerned, at some other season of the year. The general use to which the land was applied was for grazing purposes during the lambing season. It was the fact, as determined, that the land was made useless for this purpose by the acts of appellants that constituted the basis for the damage. The general use to which the land was applied was a matter of proof, and if such disclosed, as it did, that the tract of land was generally used for lambing purposes, such evidence was, in our judgment, admissible under the pleadings. The damage accruing to respondent was the loss established as having been sustained by reason of the destruction of the herbage and grasses growing on the land during that season of the year when respondent looked to the tract to maintain a given number of sheep, namely, during the lambing season. It nowhere appears that the court, in arriving at the measure of damages, based the same upon anything other than the general value of the tract for grazing purposes during the period of the year within which its value for such purpose was especially established.

We are referred to the case of *Risse* v. *Collins*, 12 Idaho,

689, 87 Pac. 1006; but it will be observed that there the. Supreme Court of Idaho adhered to a rule of general acceptation that the measure of damages in such cases should be the value of the crop at the time of the injury or destruction. In the case at bar, we are dealing with the value of herbage, grasses, and browse growing upon wild, uncultivated, and unreclaimed lands at a special season of the year when by reason of the nature of the tract and its location it is generally used for a special purpose. So we deem it applicable to say here that the measure of damages in such cases is and should be the value of the pasturage upon such a tract of land, taking into consideration its location and general surroundings at a time in the year when by reason of its peculiar character it is valuable for a special purpose. The same rule might not apply at another or different season of the year, and indeed might not apply to other lands differently located.

The case of *Herron* v. *Sieben*, 127 Pac. 323, affords no assistance in this case.

We are referred to the case of *Pyramid Land & Stock Co.* v. *Pierce*, 30 Nev. 237; but, inasmuch as the court in the matter at bar assessed no special damages, the rule there relied upon is not applicable here.

In the case of *Jensen* v. *Pradere*, 39 Nev. 466, 159 Pac. 54, a majority of this court held that in cases of this character where the land was used for pasturage only, evidence of its reasonable value for such purposes would be proper. To this we might add that if the evidence established that the use to which the land could be applied was limited to a special season of the year, as in this case during the lambing season, evidence as to the value of the land during such season and for such purpose would be proper.

There is evidence in the record, coming from competent witnesses, to the effect that damage done by appellants in herding and grazing their sheep over the particular tract of land at the particular season of the year would amount to a thousand dollars. Another witness placed

the damage at a dollar per head. The court in fixing the damages appears to have ignored all of this testimony as well as all evidence tending to establish special damages.

2. Appellants assigned error to the action of the trial court because that tribunal found that the plaintiff did not cause any sheep to be herded or grazed upon the lands of defendants. In this respect it may be noted that by way of cross-complaint appellants here had alleged damages accruing from the acts of respondent in herding sheep on the lands of appellants. It is the contention of appellants that evidence supporting this allegation was offered by them and not contradicted. Perhaps the strongest evidence supporting the allegation of appellants as to damages in this respect, if any evidence supported such allegation, is to be found in the record of the testimony of appellant, Will O'Brien, in which he relates that he saw sheep belonging to respondent on a certain 40-acre tract in section 19 which he claims to have had under lease at that time. The only attempt to fix the damage claimed by appellant appears in the following interrogatories and answers:

"Q. How many sheep were there in that band? A. Well, I don't know; of course they lamb close to a thousand head I should judge, up there, lambing time, you know. They split them up; may have been 600, may have been 700, I am not sure.

"Q. What was the damage done to the land you had under lease by the plaintiff's sheep grazing upon it in the manner you have stated?. A. Well, I had the place along the ditch where I got water—$300, I believe.

"Q. What did you say the damages were? A. About $300, I guess.

"Q. How do you fix the damages? A. Well, according to the size of the band of sheep and the way that they had sued me.

"Q. You fix the damages on the same basis as the damages they claim? A. Yes, they figure $1,000 for my bunch that I had.

"Q. That is the only basis you have of fixing that $300? A. Well, they destroyed just as much of the browse where I was as I destroyed on them, if I was ever on that.

"Q. Assuming that you · had been over? A. Yes, the same identical thing."

It is needless to say that from this record, uncertain and indefinite as it is on the question raised by the cross-complaint of appellants, the court had before it nothing in the way of facts upon which it could have found damages accruing. Hence we fail to discover error in the act of the trial court in determining as it did.

**3.** Many of the errors complained of, pertaining to the admission of evidence over the objection of appellants, lose force by reason of the form of the objection; and we deem it not inappropriate to suggest that, in the light of the rule often asserted by this court, appellants cannot be heard to complain where the error relied upon was brought to the attention of the trial court only by an objection general in its nature. (*Robinson* v. *Imperial Silver Mining Co.*, 5 Nev. 44; *Sharon* v. *Minnock*, 6 Nev. 377; *State* v. *Smith*, 33 Nev. 438, 117 Pac. 19.)

The judgment of the trial court is sustained.

It is so ordered.

SANDERS, J.: I concur.

COLEMAN, J., concurring in part:

I concur in the judgment of affirmance, but not in the views expressed in the opinion of the learned chief justice. I take the view that the contention of counsel for appellant as to special damage is correct; but since the attorney who tried the case in the lower court permitted some of the testimony complained of to be admitted in evidence without objection, and since the objections which were made to the rest of the evidence were on the ground that it was "irrelevant, incompetent, and immaterial," and did not specify wherein it was irrelevant, incompetent, and immaterial, I am of the opinion that the point urged on this appeal cannot be

considered.   The court, in the case of *Sigafus* v. *Porter,*
84 Fed. at page 433, 28 C. C. A. at page 449, in considering
this question, said:

"The stock objection 'incompetent, irrelevant, and
immaterial,' covers a multitude of sins.   There is hardly
an objectionable question but what can be classified
under one or other of these heads.   Sometimes the
real nature of the objection is so plain that the general
phrase will be quite sufficient to indicate it; indeed, it
may be quite apparent without any statement of the
grounds of objection at all.   But there are many other
objections which rest upon some particular theory of the
case, or upon some single fact in proof, which a judge
may readily forget in the course of a long and intricate
trial.   It is only fair in such cases to require counsel to
state clearly to the trial judge on what ground it is that
they object.   Certainly, it is not fair to allow such a gen-
eral dragnet as 'incompetent, irrelevant, and immaterial'
to be cast over every bit of evidence in the case which
counsel would like to keep out, and then to permit coun-
sel, upon careful analysis of the printed narrative of the
trial, to formulate some specification of error not thought
of at the time, and which, if seasonably called to the
court's attention, might have been avoided or corrected."

See, also, 1 Wigmore on Evidence, p. 57, sec. 18; Jones
on Evidence, sec. 896; *Noonan* v. *Mining Co.*, 121 U. S.
393, 7 Sup. Ct. 911, 30 L. Ed. 1061; *Patrick* v. *Graham,*
132 U. S. 627, 10 Sup. Ct. 194, 33 L. Ed. 460; *Topitz* v.
*Hedden,* 146 U. S. 252, 13 Sup. Ct. 70, 36 L. Ed. 961; *New
York El. Eq. Co.* v. *Blair,* 79 Fed. 896, 25 C. C. A. 216;
*Culmer* v. *Clift,* 14 Utah, 291, 47 Pac. 85; *Cornell* v.
*Barnes,* 26 Wis. 473, 480; *Bundy* v. *Sierra Lumber Co.*,
149 Cal. 772, 87 Pac. 622; *Starkweather* v. *Dawson,* 14 Cal.
App. 666, 112 Pac. 738; *Rush* v. *French,* 1 Ariz. 99, 123
Pac. 816; *Harris* v. *Lumber Co.*, 97 Ga. 465, 25 S. E. 519;
38 Cyc. pp. 1375, 1376.