## DAWLEY *v.* HOVIOUS *et al.*

If the statement on motion for a new trial does not show that it embodies all the evidence given on the trial, a new trial will not be granted on the ground that the verdict is contrary to the evidence, even if there is no conflict in the evidence contained in the statement.

The minutes of the Court during a trial copied into the transcript, are not a part of the record, unless made so by being embodied in the statement, or by a bill of exceptions.

APPEAL from the Twelfth Judicial District, San Mateo County.

The statement on motion for a new trial in this cause was agreed to by the attorneys of the parties in the following stipulation:

"MAY 28, 1862.

"It is hereby stipulated and agreed by and between the parties hereto and their respective attorneys, that the above statement shall be the statement on motion for a new trial herein, and on appeal.

"WM. J. BROWNSON, Defts' Att'y.
"WISE & GOUGH and FOX, Plff's Atty's."

*Wm. J. Brownson* and *E. Cooke*, for Appellant.

*Tully R. Wise*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. and COPE, C. J. concurring.

This is an action against the Sheriff of San Mateo County and others, to recover damages for an alleged trespass in taking possession of a steam saw mill and a large quantity of lumber and stock claimed by the plaintiff. The Sheriff justified the taking under and by virtue of certain attachments in his hands; one against one Morrison, from whom the plaintiff had purchased one-half of the property, and others against said Morrison and said plaintiff. It was also charged that the conveyance which had been previously made by Morrison to the plaintiff was without consideration, and made to hinder, delay, and defraud the creditors of Morrison.

The assignment of error is that the verdict is contrary to the evidence. The plaintiff claimed damages in the sum of $37,000, and the verdict of the jury was in his favor, and returned damages in the sum of $2,083.33. The statement is very imperfect, and evidently does not set forth all the testimony in the case, nor does it purport to contain all of it. Under such circumstances, it is impossible for this Court to determine this point, even if there was no conflict in the evidence. The omitted evidence may make an entirely different case from that as now presented by the record.

Dawley v. Hovious.

It is urged that the evidence shows that the conveyance by Morrison to Dawley was made to defraud the creditors of the former. There is certainly very strong evidence to that effect; but still it is conflicting, and it seems to have been submitted to the jury, who must have found against the defendants on this point.   It is not contended that the Court committed any error of law to the prejudice of the defendants during the trial, and this question of fraudulent intent was purely for the jury to determine, under proper instructions from the Court, which it is presumed were given though they are not set forth in the statement.

On this point it is also urged that the sheriff levied upon and sold the property by virtue of attachments and executions against both the plaintiff and Morrison, and therefore the plaintiff was not entitled to any damages.   It is true that the amended answer sets up such facts, and the transcript contains what is termed "minutes of the Court," in which it is mentioned that some papers of that kind were introduced in evidence, and the deputy sheriff, in his evidence embodied in the statement, refers to such papers as having been in his hands.   But these averments in the amended answer are not evidence, nor in the "minutes of the Court" made a part of the record by a statement or bill of exceptions, and even if they were, both they and the evidence of the deputy sheriff are entirely insufficient to enable us to determine the validity, force, or effect of these alleged attachments and executions.   They should have been set out in the statement, to enable this Court to determine what weight to attach to them.   Without them, we should not be justified in setting aside the verdict of the jury on this ground.

Several other points are stated by the appellant, but they amount to mere reasons why the verdict should be held to be contrary to the evidence, and it is not therefore necessary to notice them.

The judgment is affirmed.