THOMPSON ET AL. v. WINNEBAGO COUNTY ET AL.

1. **Practice in the Supreme Court**: PRESUMPTION.  It will be presumed, in
   the absence of evidence to the contrary, that an order of the court
   below was sustained by sufficient proof.

2. **Administrator**: GOOD WILL.  The book of a land and tax-paying agent,
   containing the names and addresses of his correspondents, consti-
   tutes the good will of his business, and his administrator may be
   required to return it as assets of the estate

*Appeal from  Winnebago Circuit Court.*

WEDNESDAY, APRIL, 17.

THE appellees are creditors of the estate, and, as such, filed a
motion in the Circuit Court stating that the deceased, at the time
of "his death, was acting as a land agent, paying taxes, sell-
ing lands, etc., for non-residents and others, and kept a book
containing a list of the names and addresses of correspond-
ents and persons whom he did business for as a land agent,
and such names and addresses constituted the good will of
such business, and, by reason thereof, is of the value of one

Thompson v. Winnebago County.

thousand dollars," and they asked the court "to require the administrators to inventory and return the same as assets of the estate." The court made the order, and the plaintiffs appeal.

*B. F. Hartshorn,* for appellants.

*Ransom & Olmsted* and *Bush & Bush,* for appellees.

SEEVERS, J.—Both the abstract and arguments of counsel are exceedingly brief. The order of the court is as follows: "The administrators are ordered * * * * to inventory and return as assets of the estate * * a certain book containing a list of names and addresses of persons and correspondents, together with the good will of the business of deceased as a land agent. The same to be assets subject to sale." We have no knowledge what facts were before the court at the time the order was made, except as appears therein. So far as we can judge, the matters stated in the motion were in no manner controverted. The presumption is there was sufficient evidence before the court to justify the order. The rule is well established that error must affirmatively appear. It must be presumed the list of names and book containing the same were of the value of $1,000, and that the same was the property of the estate.

1. PRACTICE in the supreme court: presumption.

The book clearly was property and so was the list of names, because it required time and care to compile it, and the finding of the court that it was of value and belonged to the estate is conclusive, because we do not have the evidence before us, and error cannot be presumed.

2. ADMINISTRATOR: good will.

Besides this, we do not know that there are any parties plaintiff other than the administrators. There is nothing to indicate there is any one making an adverse claim to this property and why the administrators should object we are at a loss to imagine.

AFFIRMED.