LUCINDA A. BRIDGES AND HUSBAND *v.* KUYKENDALL & BROTHER.

BILL OF EXCEPTIONS.  *Amendment or correction.  Record.*
> After a bill of exceptions has been signed and delivered by the judge it becomes a part of the record of the case, and cannot be amended or corrected by him nor by this court.

MOTION in Supreme Court.

On the 6th of May, 1879, a judgment was rendered in the Circuit Court of Tallahatchie County against the defendants in this case, who took an appeal therefrom.  On the same day a motion for a new trial was overruled, and leave was given the appellants to prepare a bill of exceptions within sixty days

thereafter. On the 18th of June, 1879, the judge signed what was intended for a bill of exceptions, and it was incorporated in the record sent to this court. As contained in the record, it failed to show that any exception was taken to the action of the court in reference to any of the matters embraced in it. In order to cure that defect, the appellants filed in this court a paper purporting to be the original bill of exceptions, which has attached to it a certificate of the circuit judge, dated March 10, 1881, to the effect that he inadvertently erased that part of the bill which contained the exceptions, and signed his name above it. The appellees made a motion to strike from the files of this court the paper purporting to be the original bill of exceptions.

*Fitz-Gerald & Marshall,* for the motion, cited the following authorities: 1 Greenl. on Ev., sect. 502 ; *Shirley* v. *Fearne,* 4 Geo. 653 ; *Mandeville* v. *Stockett,* 6 Cushm. 398 ; Hill. on New Tr. 500–503.

*W. H. Fitz-Gerald,* of counsel for the motion, made an oral argument.

*Frank Johnston, contra,* cited the following authorities: *Vicksburg & Meridian R. Co.* v. *Ragsdale,* 51 Miss. 447 ; *Kimball* v. *Mitchell,* 57 Miss. 632.

CAMPBELL, J., delivered the opinion of the court.

A bill of exceptions, when signed and delivered by the judge, is a part of the record of the case in which it is taken, and, like any other part of the record in the cause, is not subject to alteration or amendment by the judge at his pleasure. If it is wrong when it is made part of the record in the cause, it must remain so, for no authority exists for its correction, either by this court or by the judge who signed it. *Bank* v. *Kinsey,* 5 Ala. 9 ; *Kitchen* v. *Moye,* 17 Ala. 394 ; *The People* v. *Romero,* 18 Cal. 89 ; *Heard* v. *Heard,* 8 Ga. 380 ; *Georgia* v. *Powers,* 14 Ga. 388 ; *Hamilton* v. *Burch,* 28 Ind. 233 ; *Givens* v. *Bradley,* 3 Bibb, 192 ; *Shepard* v. *Hull,* 42 Me. 377 ; *Stimpson* v. *Railroad Co.,* 3 How. (U. S.) 553.

Motion sustained.