## SOL. DREYFUS ET AL. *v.* WESTLEY CAGE.

1. BILL OF EXCEPTIONS. *Preparation. Signature of counsel.*

   Bills of exception, if correct, must be signed by the judge when presented ; and if he refuses to sign them, signatures of two counsel, under Code 1880, § 1717, is the only remedy.

2. SAME. *Time of signing. Limitation.*

   Code 1880, § 1718, is a limitation on the judge's right to sign bills, and they cannot be signed later, but a bill to an order overruling a motion for a new trial, if presented during the term, should be then signed.

3. SAME. *Amendment. Mandamus*

   When signed, as provided for in Code 1880, § 1718, the bill of exceptions is a part of the record, and as such is inviolable, and neither the circuit nor supreme court can amend the same.

Opinion of the court.

MOTION in Supreme Court.

When the transcript in this case was filed in this court, the appellants showed in their sworn petition that exceptions were taken in writing to rulings of the lower court at the time of the occurrences and tendered to the judge, and while the jury were still in the box were embodied in a bill of exceptions which was tendered before argument began ; but the judge, after six days, signed a different bill made out by appellee's counsel, and in transferring the exceptions the language of the objections and exceptions was altered, so that some of the points were lost ; and the prayer of the petition, like the accompanying motion based upon it, was that this court incorporate in the bill the exceptions which were exhibited with the petition, or by mandamus compel the circuit judge to incorporate them.

*J. A. Brown,* for the motion.

*L. Brame* and *H. H. Parker, contra.*

CAMPBELL, C. J., delivered the opinion of the court.

Bills of exception are regulated by statute §§ 1715–1718 of the code. Two kinds are provided for, viz. : To any ruling of the court made before the jury retire from the box, and to overruling motions for new trial. By § 1715 the party aggrieved by any decision of the court may tender to the judge a bill of exceptions to his opinion, stating therein the matters of law wherein he is supposed to err, and the judge shall be bound to sign the same, and the bill of exceptions so signed shall be made and considered a part of the record in the cause. Being a part of the record, it is not within the power of the judge who signed it, after the expiration of the term of the court, or of this court, to make or cause to be made any alteration in it. *Bridges* v. *Kuykendall,* 58 Miss. 827.

No statute authorizes an amendment of a bill of exceptions. The assumption is that no mistake can occur in a bill of exceptions, as certainly none should be made or is likely to be if the course plainly indicated by the statute is pursued.

The manifest contemplation of the statute is the signing of a bill of exceptions by the judge when a correct one is tendered to him.

In case of exception to overruling a motion for a new trial, the bill of exceptions should, if tendered and found to be correct during the term, be *then signed.* Section 1718 is a limitation on the power of the judge as to the time within which bills of exception must be signed. They cannot lawfully be signed afterward. *They should be signed when tendered.* If not, the only remedy of the party aggrieved is to get two attorneys-at-law, who may be present, etc., to sign it, as provided for by § 1717. When signed as provided for by statute, the bill of exceptions becomes a part of the record in the cause, and as such is inviolable.

*Motion denied.*