THE PEOPLE OF THE TERRITORY OF UTAH,
RESPONDENT, v. ANDREW PETTIT, APPELLANT.

APPEAL—RECORD.—Where no statement upon motion for new trial
was made and no bill of exceptions settled or signed by the trial
judge, and the record discloses no written requests to charge the
jury, and the instructions to the jury complained of were deliv-
ered orally by the court and taken by the court stenographer,
but in no way embodied in the record on appeal; *held*, that the
charge of the court was not before the appellate court for review.

APPEAL from a judgment of the district court of the third
district and from an order refusing a new trial. The
opinion states the facts.

*Mr. H. R. Watrous* and *Mr. W. W. Woods*, for ap-
pellant.

*Mr. George S. Peters*, for respondent.

HENDERSON, J.:

The defendant was convicted in the district court of the
crime of grand larceny. Motion for new trial was made
and denied. The defendant was sentenced, and he now
appeals to this court from the order denying his motion for
a new trial, and from the judgment. The only complaint
made here is that the court erred in charging the jury. No
bill of exceptions was settled or signed by the trial judge,
and no statement on motion for new trial was made. The
record shows that the defendant filed with the clerk in the
court below a paper, which was entitled "Bill of Excep-
tions," which purports to contain the substance of the tes-
timony on the trial and the charge of the court, but this
bill was never signed or settled. The record discloses no
written requests to charge the jury, but the part of the
charge complained of is said to be contained in the general
charge of the court, which was delivered orally and taken
by the court stenographer.

The appellant claims that under section 315 of the crim-
inal practice act of 1878 (Laws 1878, p. 126), he can have
the benefit, on this appeal, of objections to the charge with-

out settling a bill of exceptions or statement on motion for new trial; that the stenographer's minutes transcribed are a part of the record, and, as such, can be reviewed on appeal. The section referred to is as follows:

"Sec. 315. When written charges have been presented, given, or refused, the questions presented by such charges need not be excepted to or embodied in a bill of exceptions, but the written charges, or the report, with the indorsements showing the action of the court, form a part of the record, and any error in the decison of the court thereon may be taken advantage of on appeal in like manner as if embodied in a bill of exceptions."

Section 284 of the criminal practice act (Laws 1878, p. 120) provides that "either party may present to the court any written charge, and request that it be given. If the court think it correct and pertinent, it must be given; if not, it must be refused. Upon each charge presented, and given or refused, the court must indorse and sign its decision."

These provisions of the statute are intended to give to a party the right to present written requests for instructions to the jury, and, when such requests are presented, require the court to indorse its decisions respecting such requests thereon in writing, and to constitute such requests and decisions a part of the record which may be reviewed by this court on appeal without being embodied in a bill of exceptions, or statement on motion for new trial; but they do not refer to the general charge of the court given orally, and taken by the stenographer. Such instructions can only be made part of the record by bill of exceptions or statement settled and signed by the trial judge. Laws 1878, sec. 309, p. 125; Id., sec. 339, p. 132; Id., sec. 369, p. 138. Therefore in this case the charge is not before us: *State* v. *Forsha,* 8 Nev., 139; *State* v. *Ah Mook,* 12 Nev., 373; *People* v. *Thompson,* 28 'Cal., 219; *Page* v. *O'Niel,* 12 Cal., 483.

No error appearing in the record, the judgment and order appealed from should be affirmed.

Zane, C. J., and Boreman, J., concurred.