JOHN EVANS, RESPONDENT, *v.* R. H. JONES, APELLANT.

1. PLEADING.—WAIVER OF DEMURRER.—PRESUMPTIONS ON APPEAL. —Where defendant demurs and afterwards answers, but before trial withdraws the answer and allows judgment to be entered, it will be presumed that he waived the demurrer, where the record discloses nothing to the contrary.

2. ID.—BILL OF EXCEPTIONS.—Where a cause is submitted on appeal upon the judgment roll, rulings of the court not preserved by a bill of exceptions, cannot be considered.

(No. 501. Decided June 12, 1894. 37 P. R. 262.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge.* The facts are stated in the opinion.

Action by John Evans against R. H. Jones to recover on a promissory note. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Mr. B. H. Jones,* for appellant.

*Mr. T. D. Johnson* and *Mr. Nels Jensen,* for respondent.

BARTCH, J.:

The abstract in this case is very imperfect, and discloses no merit in the appeal, which rests alone on the judgment roll, and this also appears to be imperfect. It appears therefrom, however, that the action was brought before a justice of the peace on a promissory note. The demand in the complaint was for $200 and interest, and reasonable attorney's fee, according to the terms of the note. Judgment was rendered in the district court for

$236.66, amount of principal and interest on the note, and for $30 attorney's fee. The record does not disclose any final proceedings in the justice's court, nor how the action was transferred to the district court; but it does show that the defendant demurred to the complaint, and afterwards filed an answer. The record is silent as to what disposition was made of the demurrer, but shows that, while the cause was pending in the district court, the defendant, having been regularly served with process, and having appeared by answer, afterwards withdrew the answer. Thereafter, his default was entered, and evidence introduced by the plaintiff to ascertain the defendant's indebtedness to him, and also to determine what was a reasonable attorney's fee for its collection. The court then ordered judgment to be entered as above indicated.

Counsel for appellant insists that the court erred in entering judgment before disposing of the demurrer, which raised an issue of law. The rule is that, in a case where both an issue of law and of fact are raised by a demurrer and answer, the issue of law must first be disposed of, and if the cause is tried on the issue of fact raised by the answer, and judgment rendered, it will be presumed on appeal that the demurrer was overruled before trial. Where, as in this case, the defendant demurs, and some time thereafter answers, but, before trial, withdraws the answer, and allows judgment to be entered, it will be presumed that he waived the demurrer. *Brooks* v. *Douglass,* 32 Cal. 209; *Abadie* v. *Carrillo,* Id. 172; *Guthrie* v. *Phelan* (Idaho), 6 Pac. 107.

The other points mentioned in the appellant's brief cannot be considered by this court, because no bill of exceptions was taken, the cause being here solely upon the judgment roll. When a party wishes to have an order or ruling reviewed in this court, he must except thereto at the proper time, and preserve his bill of exceptions, and

submit it with the record.     There appears to be no error in the record before us.     The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.