UNITED STATES, Respondent, *v.* SIM DUGGINS, Appellant.

1. Criminal Law.—Motion to Dismiss Appeal.—Bill of Exceptions.—Judgment Roll.—Where an appeal is regular, a motion to dismiss on the ground that no exceptions were saved to any of the rulings of the court below in a bill of exceptions will be denied, since the appeal must stand as an appeal upon the judgment roll.

2. Id.—Bill of Exceptions.—Review on Appeal.—Orders in admission and rejection of testimony and in overruling motion for a new trial based on affidavits of newly-discovered evidence can be reviewed only on a bill of exceptions duly settled and allowed.

(No. 585.   Decided June 12, 1895.   40 P. R. 707.)

Appeal from the District Court of the Third Judicial District.   Hon. George W. Bartch, *Judge.*

Sim Duggins appeals from a judgment of conviction. *Affirmed.*

*Messrs. Warner & Knight,* for appellant.

*Mr. John W. Judd,* U. S. Attorney, for respondent.

Smith, J.:

The defendant, having been indicted, tried, and convicted in the Third District Court, made a motion for a new trial, which was overruled, and he was sentenced. He appeals to this court.

No bill of exceptions was ever settled, and no effort appears to have ever been made to have one settled.   The district attorney asks us to dismiss the appeal for the reason that no exceptions were saved to any of the rulings

of the court below. We think this motion must be denied, as the appeal is regular, and must stand as an appeal upon the judgment roll. Therefore the motion to dismiss is overruled.

In the brief of appellant it is nowhere claimed that the judgment roll does not support the judgment of conviction, nor was any such suggestion made in the oral argument. We have examined the judgment roll, and find no defect in it. It results, therefore, that the judgment must be affirmed.

We may say, in conclusion, that the only matters complained of are alleged errors in the admission and rejection of testimony, and in overruling defendant's motion for a new trial, based on affidavits of newly-discovered evidence. These are matters, clearly, that can only be brought before this court for review by a bill of exceptions duly settled and allowed. This question is fully considered and decided in the case of *People* v. *Pettit*, 5 Utah, 241, 14 Pac. 337. We adhere to the rule laid down in that case. In fact, our statutes on the subject are so plain as to leave no room for discussion. See 2 Comp. Laws Utah, §§ 5085–5087. The judgment is affirmed, and the cause remanded to the court below with directions to carry the judgment into effect.

It being represented to the court by the district attorney that the bail bond of defendant upon appeal is quite defective, it is ordered that remittitur issue forthwith.

MERRITT, C. J., and KING, J., concur.