# THE HECLA GOLD MINING CO., A CORPORATION, RESPONDENT, *v.* M. T. GISBORN, APPELLANT.

CAUSE OF ACTION — WHERE ARISES.  BILL OF EXCEPTIONS — PRESUMPTION WHEN IT DOES NOT CONTAIN SUBSTANCE OF EVIDENCE. AFFIDAVITS — HOW TO BE INCORPORATED IN RECORD ON APPEAL. ORDER DENYING MOTION FOR NEW TRIAL — HOW SHOULD APPEAR IN RECORD — CLERK'S CERTIFICATE INSUFFICIENT — SECTIONS 3197 AND 3283 R. S., 1898.  COMPLAINT — ALLEGATIONS — PROOF — VARIANCE — SEC. 3001 R. S. 1898.

*Cause of Action — Where Arises.*

Where a contract is entered into in Salt Lake County for the sale and delivery of water in Tooele County, and it is agreed that the purchase price be paid in Salt Lake County, in which county the demand was made and refusal given, the cause of action arises in Salt Lake County, and the action is properly brought there.

*Bill of Exceptions — Presumption When It Does Not Contain Substance of Evidence.*

Where the bill of exceptions does not purport to give the substance of all the evidence before the trial court upon the point in controversy, it will be presumed upon appeal that there was sufficient evidence to support the findings, and the record will not be searched for evidence to support or overcome such presumption.

*Affidavits — How To Be Incorporated in Record on Appeal.*

Affidavits upon motion for continuance, and also upon motion for new trial, should be embodied in a bill of exceptions, or otherwise identified by the court as having been used upon such motions respectively, in order to be considered upon appeal.

*Order Denying Motion for New Trial — How Should Appear in Record — Clerk's Certificate Insufficient — Sections 3197 and 3283, R. S. 1898.*

Unless the record affirmatively shows that an order denying a motion for a new trial was made under such circumstan^es as to become a part of the judgment roll under Sec. 3197 and 3283, Rev. Stat., 1898, such ruling should be preserved in a bill of exceptions in order to be considered in this court; the clerk's certificate of minute entry of such order is not of itself sufficient.

*Complaint — Allegations — Proof — Variance — Sec. 3001, R. S. 1898.*

The complaint alleges a sale and delivery of certain water to the defendant at his request, and that the defendant promised to pay a certain amount therefor; the proof showed a contract for sale and delivery of the water, and of an express promise to pay a certain amount; *Held*, that the promise to pay alleged in the complaint should be understood and taken to be an express promise, and that there is no material variance between the complaint and the proof under the provisions of Sec. 3001, Rev. Stat. 1898.

(Decided January 2, 1900.   Petition for rehearing denied
April 17, 1900.)

Appeal from the Third District Court, Salt Lake County, Hon. E. V. Higgins, *Judge.*

Action to recover for certain water sold and delivered in Tooele County.   From a judgment for plaintiff defendant appealed.   *Affirmed.*

*E. D. Hoge, Esq.*, for appellant.

We claim that the court had no jurisdiction in this case, the contract having been made and reduced to writing in Tooele County, where the property was situated affected by the contract, and where it was to be carried out, and where the breach took place, if breach there was. Tooele County was the place where the cause of action arose. *Haskins* v. *Dern*, 56 Pac., 953; *Griffin* v. *Bristle*, 40 N. W., 523, and cases therein cited, page 534.

The motion for a non-suit should have been granted for the reason there was an entire failure of proof to sustain the allegations of the complaint, or the contract set up therein. The testimony for plaintiff, when it is all considered, both written and unwritten, proves a radically different contract than the one sued on. There is a fatal variance. *Peay* v. *Salt Lake City*, 11 Utah, 331.

Conflict of evidence must be a substantial one. *Castle Lake Ice Co.* v. *Mc Conly*, 17 Pac., 924; *Rankin* v. *Thompson et al.*, 3 Pac. (Col.), 719.

This same doctrine that there is no substantial conflict in the testimony the findings will set aside is to be found in the case of *Chamberlin* v. *Raymond*, 3 Utah, 117; S. C., 1 Pac., 850.

*S. P. Armstrong, Esq.*, for respondent.

The appeal should be dismissed.

The bill of exceptions does not preserve any motion for new trial or order overruling the same. The only attempt to bring such ruling to the notice of this court is in the minutes of the clerk certified in the transcript. But the minutes of the court are no part of the record on appeal. Rev. Stat., Sec. 3302; *Evans* v. *Jones*, 10 Utah, 183; *Dowley* v. *Hovious*, 23 Cal., 103; *Harper* v. *Hines*, 27 Cal., 107–10; *Mendocino Co.* v. *Morris*, 32 Cal., 145–50; *People* v. *Empire M. Co.*, 33 Cal., 171–73; *Clark* v. *Kane*, 37 Mo. App., 258.

The action was properly brought in Salt Lake County. "The cause of action arises when and where the last fact essential to it occurred, and not until then." *Mosby* v. *Gisborn*, 54 Pac. (Utah), 126.

The action should be tried where the demand and refusal occurred. *Condon* v. *Leipsiger*, 17 Utah, 498; *Overland M. Co.* v. *McMaster*, 19 Utah, 177; *Laughlin*

v. *Main*, 63 Ia., 580–1; *Suspender Co.* v. *Van Borries*, 91 Ala., 507; *Ry. Co.* v. *Amos*, 54 Ark., 159.

Neither party moved for a continuance, hence there was no error in proceeding to trial.

The court properly refused to grant a - non-suit. *Hertzog* v. *id.*, 29 Pa. St., 467.

Evidence of an express agreement will sustain an allegation on an implied agreement. *Ludlow* v. *Dole*, 62 N. Y., 617; *Ashton* v. *Shepherd*, 120 Ind., 69–72; and *vice versa*. *Smith* v. *Lippincott*, 49 Barb., 398; *Sussdorf* v. *Schmidt*, 55 N. Y., 319–24.

No variance is deemed material unless it has misled the party to his disadvantage. Rev. Stat., Sec. 3001; *Mining Co.* v. *Mining Co.*, 5 Utah, 1–48; *Holman* v. *Pleasant Grove*, 8 Utah, 82; *Culmer* v. *Clift*, 14 Utah, 286–9.

And no amendment of the complaint is necessary unless it is shown to "the satisfaction of the court" that the party has been misled. *Place* v. *Muster*, 6 N. Y., 89–99; *Reddick* v. *Kessling*, 129 Ind., 128–33; *Furley* v. *Eller*, 29 Ind., 322–5; *Wells* v. *Sharp*, 57 Mo., 56; *Boynton* v. *id.*, 45 How. Pr., 380; *Blackman* v. *Wheaton*, 13 Minn., 326–32; *Sussdorf* v. *Schmidt*, *supra*.

This court will not examine the records to see whether the evidence sustains the findings. *Walley* v. *Deseret Bank*, 14 Utah, 313; *Nelson* v. *Rapid Transit*, 10 Utah, 196–9.

Appellant, to maintain his position, must not only show that there is no evidence in the record to support the findings, but he must also show clearly and affirmatively that the record contains all the evidence which was before the trial court. *Warner* v. *Accident Ass'n*, 8 Utah, 431; *Aldridge* v. *id.*, 120 N. Y., 614–6; *Suspender Co.* v. *Van Borries*, *supra*; *Ry. Co.* v. *Amos*, *supra*.

There is nothing before this court on the question of motion for new trial.

"The affidavit upon which the motion seems to have been based was not identified by the court as having been used on the hearing, and it is not embodied in any statement or bill of exceptions," therefore will be disregarded by this court on appeal. *Perego* v. *Dodge*, 9 Utah, 6; *U. S.* v. *Duggins*, 11 Utah, 430; *Nelson* v. *Brixen*, 7 Utah, 454; *Bagnall* v. *Roach*, 76 Cal., 106; *Stewart* v. *Cattle Co.*, 128 U. S., 383–90; 2 Ency. Pl. and Pr., p. 270, par. 5.

HART, Dist. J.

This action was brought in Salt Lake County to recover for certain water in Tooele County, alleged to have been sold and delivered to defendant. The case was tried by the court without a jury on April 23, 1898, and a judgment entered for plaintiff for the sum of $360 and costs. The first error assigned by the defendant in his appeal to this court is that the trial court had no jurisdiction to try the case. The court below, in some three findings, decides that the defendant agreed to pay the plaintiff said sum of $360, at Salt Lake City, Salt Lake County, Utah. The written agreement, or memorandum of agreement, in evidence, does not specify the place of payment, but plaintiff did not rely upon this writing as the agreement, but relied upon an oral agreement, the principal terms of which were embodied in the writing. While there is some controversy as to whether the contract was entered into in Salt Lake County or Tooele County, there is evidence that the contract was made at Salt Lake County, where the parties resided, and that the payment was to be made at that place according to the terms of the contract, and

that demand was made and refusal given at Salt Lake County. Under the decisions of this court, although the agreement was entered into in Tooele County for the sale and delivery of water in that county, yet if the purchase price was payable, under the terms of the contract, in Salt Lake County, and the demand and refusal there made and given, the latter county is the one in which the cause of action arose and in which the suit should be commenced. *Konold* v. *Railway Co.*, 16 Utah, 151; *Deseret Irr. Co.* v. *McIntyre*, 16 Utah, 398; *Brown* v. *Bach*, 17 Utah, 435; *Condon* v. *Leipsiger*, 17 Utah, 498; *Overland Gold Min. Co.* v. *McMaster* 19 Utah, 177; 56 Pac., 977; *Mosby* v. *Gisborn*, 17 Utah, 257.

Besides, the contention of the defense that the findings of the court are not sustained by the evidence can not be considered, for the reason that the bill of exceptions does not purport to give all the evidence before the trial court upon the points in dispute. Where the bill of exceptions does not purport to set forth the substance of all the evidence adduced at the trial upon the points in issue, it will be presumed upon appeal that there was sufficient proof to support the findings and decision of the trial court. *Cochrane* v. *Bussche*, 7 Utah, 233; *Warner* v. *Accident Ass'n*, 8 Utah, 431; *Railway Co.* v. *Amos*, 54 Ark., 158; *Laughlin* v. *Main*, 63 Iowa, 580; *Beatty* v. *C'Connor*, 106 Ind., 81; *Thompson* v. *Winnebago Co.*, 48 Iowa, 155; *Antisdel* v. *C. & N. W. Ry. Co.*, 26 Wis., 145; *Alridge* v. *Alridge*, 120 N. Y., 614; *Shugart* v. *Miles*, 125 Ind., 454; *Evansville S. & N. Ry. Co.* v. *Lavender*, (Ind.) 34 N. E., 109; *Southern Suspender Co.* v. *Von Borries*, 91 Ala., 507.

Other assignments of error are that the trial court erred in not granting a continuance to the defendant, and in not granting defendant's motion for a new trial. Neither of

these objections can properly be passed upon here. The bill of exceptions does not contain the affidavits for continuance, nor are the same identified by the court as having been used upon the motion for continuance. The affidavits and orders upon the motion for new trial are not embodied in the bill of exceptions. The only identification of the affidavits is the certificate of the clerk. The ruling of the court on the motion for new trial is not embodied in the bill of exceptions. It is attempted to be brought to the notice of this court upon the clerk's certificate of the minutes of the court.

Sec. 3302, Rev. Stat. Utah, 1898, enacts that "the judgment roll and bill of exceptions, if there be one, shall constitute the record on appeal to the Supreme Court."

It does not appear that the order overruling defendant's motion for a new trial would become a part of the judgment roll as defined by Sec. 3197, Rev. Stat., 1898. Unless the record affirmatively shows that the order denying the motion for a new trial was made in the absence of the defendant, or under such other circumstances that it would be deemed excepted to under Sec. 3283, Rev. Stat., 1898, the ruling should be preserved in the bill of exceptions in order to be considered by this court. A certified copy of a minute entry in the record by the clerk of such an order is not of itself sufficient. *Reever* v. *White*, 8 Utah, 188; *Lowell* v. *Parkinson*, 4 Utah, 64; *Evans* v. *Jones*, 10 Utah, 183; *Perego* v. *Dodge*, 9 Utah, 6, and cases cited; *U. S.* v. *Duggins*, 11 Utah, 430; *Nelson* v. *Brixen*, 7 Utah, 454; *Anderson Pressed Brick Co.* v. *Dubois*, 10 Utah, 60; *Ingerman* v. *Moore*, 90 Cal., 410; *Gila R. I. Co.* v. *Wolfley* (Ariz.), 24 Pac., 257; *Harris* v. *People*, 130 Ill., 457; *Wilson* v. *Nilson*, 44 Ill. App., 209; *State* v. *Harvey*, 105 Mo., 316; *Mc Clarkin* v. *Ewing*, 42 Ill., 283; *Gill* v. *People*, 42 Ill., 321;

*Clark* v. *Kane*, 37 Mo. App., 258; *Dawley* v. *Hovious*, 23 Cal., 103; *People* v. *Empire M. Co.*, 33 Cal., 171; *Harper* v. *Minor*, 27 Cal., 107; *More* v. *Del Valle*, 28 Cal., 174; *Abbott* v. *Douglass*, 28 Cal., 299; *Sutherland* v. *Putnam* (Ariz.), 24 Pac., 323.

The only remaining question which we deem it necessary to discuss is whether defendant's motion for a nonsuit on the ground that the contract sued upon is materially different from the contract proven, was rightfully overruled.

The complaint, in brief, alleges that between the 25th day of September and the 31st day of October, 1895, that certain persons, plaintiff's assignors, sold and delivered to the defendant at his request water from the Hecla Shaft at Mercur, Tooele County, Utah, for which defendant promised to pay them $432, etc. In support of this complaint the plaintiff offered evidence of an express contract for the sale and delivery of the water in question at the price of $12 per day to be paid by the defendent, that the water was furnished as agreed for 30 days, and of a demand made upon him for payment of the amount due. The defense contends that the complaint alleges an implied contract, while the proof is of an express contract. The complaint does not allege simply an indebtedness by sale and delivery to defendant at his request, but alleges, in addition to a sale and delivery by request, a promise by the defendant to pay an amount specified. An implied promise to pay would arise as a matter of law from a sale and delivery by request. The promise to pay alleged in the complaint should be understood and taken to be an express promise. *Kilpatrick-Koch Dry Goods Co.* v. *Box*, 13 Utah, 494; Estee's Pl. (4th Ed.), Secs. 685, 704; *Kraner* v. *Halsey* (Cal.), 22 Pac., 1137; 2 Enc. Pl. & Pr., 1005.

But even though the complaint should be considered as

alleging an implied contract, it does not follow that defendant was prejudiced by the proof of an express contract. Under the provisions of Sec. 3001, Rev. Stat., 1898, "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." *Holman* v. *Pleasant Grove*, 8 Utah, 82; *Culmer* v. *Clift*, 14 Utah, 289; *Ashton* v. *Shepard*, 120 Ind., 69; *Reddick* v. *Kessling*, 129 Ind., 128; *Place* v. *Minster*, 65 N. Y., 89; *Sussdorf* v. *Schmidt*, 55 N. Y., 319.

Other objections made by the appellant have been considered by the court, but as there appears to be no reversible error in the record, the order should be that the judgment be affirmed, with costs.

BARTCH, C. J., and MINER, J., concur.