WARNOCK INSURANCE AGENCY, Appellant, v. PETERSON REAL ESTATE INVESTMENT COMPANY, Respondent.

No. 1988. Decided April 27, 1909 (101 Pac. 699).

1. APPEAL AND ERROR—TIME FOR APPEAL—MOTION FOR NEW TRIAL. Under Comp. Laws 1907, section 3301, requiring an appeal to be taken within six months from entry of judgment, the time for appeal begins to run from the disposition of the motion for new trial, so that, where the notice of appeal was filed more than six months after entry of judgment, and no motion for new trial or order overruling it was incorporated in the bill of exceptions, the appeal was not taken within the required time. (Page 544.)

2. APPEAL AND ERROR—"RECORD"—ORDER DENYING NEW TRIAL. The "order" overruling a motion for new trial is not a part of the judgment roll, and is not part of the record on appeal, unless incorporated therein by bill of exceptions. (Page 545.)

3. APPEAL AND ERROR—RECORD—WHAT CONSTITUTES. The proceedings had during and after trial are not a part of the record, except as they constitute a part of the judgment roll, but must be made a part of it in the manner provided by statute. (Page 547.)

4. APPEAL AND ERROR—RECORD—CORRECTION. The record of the trial court, when properly certified by the clerk and transmitted, is conclusive upon the parties and upon the Supreme Court, except that any omission or mistake may be supplied or corrected at any time by the clerk when, upon suggestion of counsel, the Supreme Court requests him to do so. (Page 547.)

5. EXCEPTIONS, BILL OF—SETTLING—POWERS OF TRIAL COURT. The trial court in settling a bill of exceptions makes a record of the proceedings had during and after trial which are not a part of the judgment roll, and is controlled by the statute as to the time and manner of making the bill of exceptions. (Page 548.)

6. EXCEPTIONS, BILL OF—APPEAL AND ERROR—TIME OF SETTLING—RECORD ON APPEAL. The trial court has no authority to allow and sign a bill of exceptions after the statutory period for doing so has elapsed, unless the time is extended as provided by statute; and a bill of exceptions filed after that time would be a nullity, and would constitute no part of the record on appeal. (Page 548.)

7. EXCEPTIONS, BILL OF—AMENDMENT—TIME. While a defect or omission in the bill of exceptions not of its substance could be supplied by amendment *nunc pro tunc*, the trial court could not amend a bill of exceptions after time to settle had expired, by adding thereto a copy of the notice of intention to move for a new trial and the order overruling the motion. (Page 548.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Warnock Insurance Agency against Peterson Real Investment Company. On defendant's motion to dismiss plaintiff's appeal from an adverse judgment.

APPEAL DISMISSED.

*Henderson, Pierce, Critchlow & Barrette,* for appellant.

*M. E. Wilson* for respondent.

FRICK, J.

Respondent filed a motion to dismiss the appeal in this case upon the ground that the appeal was not taken within the time required by section 3301, Comp. Laws 1907,

which requires an appeal to be taken within six months from the entry of judgment appealed from. This section has frequently been construed by this court, and it has uniformly held that the time for appeal begins to run from the time the motion for a new trial has been disposed of. The cases are collated in a note to the foregoing section, and need not be referred to here. When the motion to dismiss in this case was interposed, the record on appeal disclosed that the judgment appealed from was entered March 9, 1908, and that the notice of appeal was served and filed October 2, 1908, which was more than six months after the entry of judgment. The motion for a new trial, and the order overruling it, were attached to the judgment roll, and were not incorporated into the bill of exceptions, nor made a part of it, by reference, or otherwise. Under the rulings of this court, (*Walker Bros. v. Skliris,* 34 Utah 353, 98 Pac. 115; *Hecla Min. Co. v. Gisborn,* 21 Utah 68, 59 Pac. 518), there was therefore no authentic record before us showing that the appeal was taken within the time required by law, and hence nothing to show that this court had jurisdiction. Upon this status of the record, and before the motion to dismiss the appeal was submitted, the appellant asked, and was granted, leave to withdraw the record. After the record was withdrawn, counsel for appellant, on February 16, 1909, notified respondent's counsel, in substance, that appellant's counsel "will apply to the said [district] court to settle and sign a bill of exceptions in this cause in the form now proposed by the undersigned." The bill of exceptions, as then proposed, contained a copy of the notice of intention to move for a new trial, and the order of the district court overruling the motion, which was dated April 10, 1908. The original bill of exceptions was settled, allowed, and signed May 23, 1908. On the 19th day of February, 1909, and after the time to settle a bill of exceptions had expired, the district court allowed, settled, and signed appellant's proposed amended bill of exceptions as aforesaid, to which counsel for respondent objected and excepted, upon the ground that the district court was without power to

do so, and now insists on this objection, as well as on his motion to dismiss the appeal upon the ground that this court is without jurisdiction to entertain the appeal.

Counsel for respondent contends that, as the record stood before the alleged amendment by inserting therein the matters before mentioned, it affirmatively appeared that the appeal was not taken in time, and that this court thus had no jurisdiction of the appeal; that the district court was without power or legal authority to change the bill of exceptions so as to make it appear therefrom that a motion for a new trial was in fact filed and overruled, and hence the record still lacks the necessary element which confers jurisdiction upon this court. Upon the other hand, appellant's counsel contend: (1) That the order overruling the motion for a new trial, which discloses that a motion for a new trial was made, and when it was ruled on, constitutes a part of the judgment roll, and hence the record affirmatively shows that the appeal was taken in time; and (2) that if this order is not a part of the judgment roll, then it is now made a part of the bill of exceptions, and hence the record discloses that this court has jurisdiction to hear and determine the appeal. That the notice of intention to move for a new trial, and what we have termed herein the "motion for a new trial," is not a part of the judgment roll, and, if it is intended to make it a part of the record on appeal, it must be incorporated into the bill of exceptions, or be made a part thereof by reference, we have very recently decided. (*Walker Bros. v. Skliris,* 34 Utah 353, 98 Pac. 115.) It has also been held by this court that the order overruling the motion for a new trial is not a part of the judgment roll, and, unless it is made a part of the bill of exceptions, it is not a part of the record on appeal, and cannot be considered by this court. (*Hecla Min. Co. v. Gisborn,* 21 Utah 68, 59 Pac. 518.) Counsel for appellant contend that it was not necessary to decide the question in the case last referred to, and hence what is there said is merely obiter. We do not think so. The decision was based upon two grounds, one of which

was that this court was powerless to review the error which it was claimed the court committed in refusing a new trial, for the reason that the order overruling the motion was not before the court, except as it was made a part of the judgment roll. It was held that such an order could be made a part of the record only by making the order a part of the bill of exceptions, which must be settled, allowed, and certified by the trial judge as provided by the statute. While the order overruling a motion for a new trial might very properly be made a part of the judgment roll for the purposes of an appeal, it is nevertheless a matter for the Legislature, rather than the courts, to say what shall constitute the record on appeal. The case of *Hecla Min. Co. v. Gisborn, supra,* has been decided for over nine years, and has thus established a rule of practice which we are not willing to disturb at this time. The case of *Walker Bros. v. Skliris, supra,* also, inferentially at least, holds that the order overruling the motion for a new trial must be brought into the record on appeal by making it a part of the bill of exceptions. The contention that the order overruling the motion for a new trial was a part of the judgment roll, and hence a part of the record on appeal; therefore, cannot be sustained.

Did the trial court have the authority to amend the bill of exceptions by adding thereto the notice of intention to move for a new trial and the order overruling the motion, as was done in this case? We have given the matter careful consideration; and, in view of our statutes, and in the light of our former rulings, and of the authorities generally, we have, with some hesitation, if not reluctance, come to the conclusion that the district court was without authority to allow the amendment, and hence the only authentic record before us shows that the appeal was not taken within the time allowed by our statute. If the proposed amendment were no more than to supply a defect or omission in the judgment roll which the clerk is required to prepare and certify, or if the certificate of the judge to the bill of exceptions were defective, or if it were merely to correct some other error not of substance, or mere defect, in either the judgment roll

or bill of exceptions, we would have no hesitancy in permitting the correction to be made *nunc pro tunc*. But the defect is not of such character. It is one that goes to the very substance of the bill of exceptions. As will be seen by a reference to counsel's notice, they considered it a matter of substance, and hence served notice that they would ask the district court to "settle and sign a bill of exceptions in this cause in the form now proposed." This, in effect, made it a new bill of exceptions. True, it was, in a particular sense, but an amendment to a bill already existing. The amendment, however, was not a mere correction of something defectively done; it was adding matters of substance to the bill as originally settled and signed. If matters of substance may thus be incorporated into a bill of exceptions after the statutory time has expired, then the statute is annulled, and there is no time limit within which a bill of exceptions must be settled and signed. The statute is exceedingly liberal in allowing the time to be extended, and, if good cause exists for doing so, the trial courts are generous in extending the time for settlement of a bill of exceptions, and in allowing amendments thereto. In order to avoid confusion, and to require the appealing party to proceed with some degree of diligence to bring such matters as he may desire into the record on appeal, some time limit is necessary. This limit is imposed by the statute, and the courts are as powerless to disregard it as are the parties who invoke the aid of the statutes in making a record for the purposes of an appeal.

The proceedings had during and after the trial are **3, 4** not a part of the court's record, but must be made so as provided by statute. The record constituting the judgment roll is the record of the trial court, and, when properly certified to by the clerk and transmitted to this court, is conclusive upon the parties and upon this court. If there is an omission or mistake in this record, the clerk may at any time supply the omission, or correct the mistake, when, upon suggestion of counsel, this court requests the clerk to do so. In such a case, however, the clerk does not create a record; he simply corrects errors or supplies omissions in the transcript of an existing record so that this court may have the

record before it as it in fact exists. The district judge, however, in settling a bill of exceptions, makes a record of the proceedings had before him during and after the trial, which are not a part of the record certified to by the clerk. The statute prescribes how and when this record shall be made up. The trial judge, in making this record, has such powers only as are conferred upon him by statute, and this court is as powerless as the trial court to enlarge these powers. If, therefore, the statutory time has elapsed within which the trial court may settle and sign a bill of exceptions, and if no extension of time has been given as provided by statute, the judge is without authority to allow and sign a bill of exceptions, and his act after such time is a mere nullity, and the pretended bill of exceptions so signed is of no force or effect as a record. (*Butter v. Lamson*, 29 Utah 439, 82 Pac. 473; *Bryant v. Kunkel*, 32 Utah 377, 90 Pac. 1079.

If the district judge has no legal power or authority to allow and sign a bill of exceptions, except within the time and extensions thereof, as fixed by statute, it would seem to logically follow that he cannot amend a bill of exceptions with respect to matters of substance after the time to settle a bill has expired. To this effect are the following authorities: *Michigan Ins. Bank v. Eldred*, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; *Perry v. Central R. R.*, 74 Ga. 411; *Bridges v. Kuykendall*, 58 Miss. 827; *Dreyfus v. Gage*, 62 Miss. 605; *Busby v. Finn*, 1 Ohio St. 409; *Posey v. Beale*, 69 Ala. 32; *Arvilla v. Spaulding*, 121 Mass 505. Both the California Supreme Court and the Court of Appeal of that state have also, inferentially at least, passed upon the question quite a number of times, as appears from the following cases, where the other instances are referred to: *Satterlee v. Bliss*, 36 Cal. 521; *Mendocino County v. Peters*, 2 Cal. App. 24, 82 Pac. 1122. In some of the foregoing cases the distinction between supplying an omission or correcting a defect in the clerk's record, or what is termed the "judgment roll" in this state, and of amending or adding to the bill of exceptions, is clearly pointed out. The courts, as may well be expected, are not in

harmony with respect to how, when, and to what extent a bill of exceptions may be amended, or what defects may be supplied by adding an amendment after the bill is settled, signed, and filed and the record is filed in the appellate court. The following cases, in which amendments were permitted after the original settlement, and in some instances after the cases were appealed, to some extent discuss and illustrate the foregoing questions: *C., M. & St. P. Ry. v. Walsh,* 150 Ill. 607, 37 N. E. 1001; *Pollard v. Rutter,* 35 Ill. App. 370; *Churchill v. Hill,* 59 Ark. 54, 26 S. W. 378; Elliott App. Pro., sections 825, 826.

There are other cases that might be cited, and which are often referred to in support of the right to amend a bill of exceptions after the case has gone to the appellate court, but in so far as we have had time to examine them we have not found any that passed upon the precise question involved in this case. Nor is it disclosed in the cases we have examined whether there was a statutory limit within which a bill of exceptions had to be settled and signed or not. In most of the cases cited by us in support of our conclusions it will be found that the decisions are based upon the statutory limitation, and, when the time within which a bill of exceptions may be settled and signed is passed, it is held that the time for adding any matter of substance has likewise passed, and that the trial court is without power to add thereto, and that the appellate court cannot confer power where none exists as a matter of law. The temptation is always great to permit amendments of this character, since it is usually alleged that they amount to nothing more than adding something which appears from the minutes of the trial court. Our authority, however, is not always co-extensive with our inclinations, and, unless the law authorizes an act to be done, our desires must yield to the law, regardless of the consequences.

From what has been said it follows that the motion to dismiss the appeal should be, and it accordingly is, granted, and the appeal is dismissed at the cost of appellant. It is so ordered.

STRAUP, C. J., and McCARTY, J., concur.